**COZBY et al. v. ARMSTRONG et ux.**

No. 14734.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 7, 1945.

Culbertson, Morgan, Christopher & Bailey, of Fort Worth (A. B. Culbertson, of Fort Worth, of counsel), for appellant.

Sam A. Billingsley, of Fort Worth, for appellees.

BROWN, Justice.

Appellees, T. M. Armstrong and wife, Martha May, brought this suit against Grace Cozby, surviving wife of J. R. Cozby, deceased, Reuben B. Willburn and his wife, Ruby, alleging, in substance, that plaintiffs own a tract of about 150 acres which lies west of a tract of about 37 acres, owned by defendant Willburn and wife, and a tract of about 62 acres owned by defendant Cozby. That the three described tracts were, at one time, incorporated in one tract of about 250 acres, which large tract was owned by E. C. D. Willburn and wife during their lifetime; that all of these three tracts face north upon the old Benbrook road, all are intersected and crossed by the right of way of the Texas and Pacific Railway Company, and over which there is but one crossing, and there is and has been no access to or from the plaintiffs' lands and defendants' lands ex-

ccpt for one crossing of such railway right of way located on the lands owned by defendant Cozby; that there is "an old, established, seasoned roadway and way of necessity, well defined on the ground, that has been used by plaintiffs and defendants and those under whom they hold for more than twenty years (the same is described and a plat as an exhibit is referred to) * * * over and across the said lands of the defendants."

That on January 28, 1939, the defendants, Reuben B. Willburn and wife, joined by Church O. Willburn and wife, executed and delivered "that certain right-of-way easement to the plaintiffs," and a copy of same is made an exhibit to the petition.

This instrument recites that on September 21, 1933, E. C. D. Willburn and wife executed four deeds which conveyed the above-mentioned 250 acre tract as follows: "To Reuben B. Willburn 50 acres off of the *west* side of said 250 acre tract, and another of which deeds conveyed to Church O. Willburn 25 acres lying just *east* of said Reuben B. Willburn 50 acre tract, and another of which deeds conveyed to M. Annie Ritz 25 acres lying just *east* of said Church O. Willburn 25 acre tract, and the remaining one of which deeds conveyed the entire 150.19 acres lying east of the Ritz 25 acre tract (same being the *east* 150.19 acres of said original 250 acre tract) in undivided interests of an undivided one-sixth interest each to Frank E. Willburn, Ira B. Willburn, Ruth F. Kennedy, Polk White, May Armstrong and Jessie Murray."

It further recites that Armstrong and wife purchased all outstanding interests in the 150 acre tract and also the Annie Ritz 25 acre tract, and continues: "Whereas the Fort Worth and Benbrook Road runs along the north side of said original 250 acre tract, and all four tracts described in said deeds made Sept. 21, 1933, reach to and front on said highway, but the Texas & Pacific Ry. Co. right of way cuts through the northern end of said 250 acre tract, and the only crossing over said railway right of way is located on the Reuben B. Willburn 50 acre tract, so that in respect of the major portion of said lands so purchased by Armstrong and wife access therefrom to said highway can be obtained only by the use of said railway crossing on the Reuben B. Willburn tract, and whereas, Reuben B. Willburn and Church O. Willburn are desirous that said Armstrong and wife sell to Church O. Willburn the 25

acre tract referred to as the M. Annie Ritz 25 acres, which Armstrong and wife are willing to do for the purchase price named in a deed to said tract contemporaneously this day executed by them to Church O. Willburn, and here referred to for further description, and for the further consideration moving to said Armstrongs of the right of way easement hereinafter granted, now, therefore, we, the said Reuben B. Willburn, joined herein by his wife, Ruby Willburn and the said Church O. Willburn joined herein by his wife Cana Willburn in consideration of the premises and in consideration of the sum of $1.00 cash and other good and valuable consideration to us this day paid by said T. M. Armstrong and wife, Martha May Armstrong, the receipt and sufficiency of all of which consideration is hereby acknowledged by grantors, do hereby give, grant and convey unto the said T. M. Armstrong and wife, Martha May Armstrong, a perpetual easement of full, free and convenient access to and from the above described 150.19 acres, over and across the aforesaid Ritz 25 acres, Church O. Willburn 25 acres and Reuben B. Willburn 50 acres to the present crossing over to T. & P. Ry. Company now located on said Reuben B. Willburn 50 acres, and continuing northward therefrom to said Fort Worth and Benbrook Highway; to have and to hold same unto said grantees, their heirs, and assigns, it being expressly agreed that the rights of easement herein granted shall pass to and be held by any subsequent owner or owners of the said 150.19 acre tract or any part thereof lying south of said T. & P. Ry. Company right-of-way."

The petition further alleges: "That on and before the 28th day of January, 1939, when said express right-of-way and easement was granted to the plaintiffs herein by the defendants herein and those under whom they hold, the west 50 acres of said lands now owned and held by the defendant, Grace Cozby, was owned by the defendant Reuben B. Willburn and wife; that the west 25 acres of the east 50 acres of the 100 acres, now owned by the defendants herein was formerly owned by Church O. Willburn and his wife; and the east 25 acres of the said 100 acres now owned by the defendants herein was formerly owned by Mrs. M. Annie Ritz, who, joined by her husband, Ernest Clarence Ritz, conveyed the east 25 acres of said 100 acres now owned by the defendants herein to the

plaintiffs herein * * *. That on January 28, 1939, the plaintiffs herein conveyed to Church O. Willburn, by warranty deed, as recorded, * * * the said east 25 acres of the said 100 acres of land now owned and held by the said defendants herein, to which said Special Warranty Deed and record thereof reference is here made for more particular description of said 25 acre tract conveyed and in said special Warranty Deed, the plaintiffs herein retained and reserved an express right-of-way and easement as follows: 'However, since the tract of 150.19 acres out of the same surveys, lying to the east of the above property, has no access to the north across the T. & P. right-of-way, an easement is hereby reserved, in favor of the present and future owners of said 150.19 acres of access over and across the hereinabove described 25 acres westward to a crossing over the right-of-way located on the 50 acre tract owned by Reuben B. Willburn out of said surveys.' "

It is next alleged, in substance, that subsequent to the granting of the perpetual easement on January 28, 1939, the defendants and those under whom they hold have resubdivided the 100 acres by making of same two tracts, one of 62.5 acres owned by defendant Cozby, and one of 37.5 acres owned by defendant Willburn.

It is next alleged that on March 13, 1943, defendant Willburn conveyed the east 62.5 acres to one Goostree and that in such deed it is recited that: "This conveyance is made subject to the T. P. & R. R. Co. right-of-way, as well as to an easement for passage way reserved in deed from T. M. Armstrong and wife to Church O. Willburn, bearing date of January 20, 1939, and recorded in Book 1381, page 173, Deed Records, Tarrant County, Texas," and that on the same day, March 13, 1943, Goostree and wife conveyed the said 62.5 acre tract to John R. Cozby (citing the recorded deed) in which the following reservation was made: "This conveyance is made subject to the T. P. & R. R. Company right-of-way as well as an easement for passageway in deed from T. M. Armstrong and wife to Church O. Willburn, bearing date January 20, 1939, and recorded in Book 1381, page 173, Deed Records of Tarrant County, Texas"; that Grace Cozby is the surviving wife of John R. Cozby.

It is next alleged that the plaintiffs, long prior to the grant of the said express easement, "have continuously used and traveled over the old, well established and seasoned right-of-way and easement without obstruction or closure until on or about April, 1943, when the defendants herein first began to keep closed the gate now situated upon the east boundary line of the land owned by the said defendant Grace Cozby, and the west boundary line of the land owned by the defendants, Reuben B. Willburn and wife, to which said obstruction the said plaintiffs herein did not formally complain until on or about the 10th day of June, 1945, when the said defendants herein ploughed up and completely obliterated the old, established and well seasoned, perpetual, full, free and convenient, express easement by ploughing the same up for a lineal distance of 136 feet, extending from a point approximately 53 feet northeast of the house of the defendant, Grace Cozby, to the gate and fence line, through which said old, established, and seasoned roadway had always been used and traveled, completely obstructing the said expressly granted and reserved perpetual, full, free and convenient easement of these plaintiffs, to their damage as hereinafter set out."

It is next alleged that the defendants locked a gate located on the lands of defendant Cozby that was approximately 20 feet due south of the south line of the crossing over the said railway right of way, thus closing the "easement granted to the plaintiffs herein and reserved by the plaintiffs," to their damage.

The next pertinent allegations are: "the defendants herein * * * have further wrongfully, willfully, and maliciously, interfered with the expressly granted rights of the plaintiffs herein * * * to use the old, established, well defined, seasoned roadway and easement, by attempting to forcibly eject the plaintiffs therefrom and by attempting to establish an alternative route without the consent of the plaintiffs herein, orally or in writing, as shown by a certain written agreement dated March 13, 1943, as recorded in Book 1559, page 44, Deed Records, Tarrant County, Texas, wherein the defendants Reuben B. Willburn and wife, Ruby Willburn and others, under whom each and all of the defendants herein hold, attempting to force the plaintiffs herein, their family, servants, employees and friends to use an alternative route. That under said agreement the defendants herein over the objections of the plaintiffs herein, have attempted to establish an alternative route over new and

seeping land of such narrow width that two cars cannot pass thereon, with abruptly sharp turns thereon, and inadequately graded or graveled so as to become practically impassable during bad weather, in an effort to wilfully and maliciously force the plaintiffs herein from using their expressly granted, perpetual, full, free and convenient way, which said acts * * * have caused these plaintiffs to be damaged in the sum of $1250.00."

It is next alleged that, by reason of the facts and matters pleaded, "the plaintiffs are entitled to an injunction * * * enjoining the defendants * * * from interference, encroachment, closure or obstruction of their expressly granted and reserved old, established way, and from interfering with, molesting, closing, plowing up, or obstructing in any manner the well defined and long used right-of-way and easement expressly granted and reserved to the plaintiffs herein, free of all obstructions, including closed gates or bars of any kind. That plaintiffs are further entitled under their said expressly granted and reserved right-of-way and easement to a mandatory injunction * * * to compel the said defendants * * * to restore and reestablish the expressly granted and reserved, long used and established, full, free and convenient easement and right-of-way across their said lands westward from the gate on plaintiffs' east line to the crossing over the right-of-way located upon the lands now owned by the defendant Grace Cozby. That the plaintiffs have no adequate remedy at law other than their right to enforce their expressly granted and reserved use of the old, established and seasoned roadway for themselves, their families, friends, employees, and servants, to which said dominant right the lands of the said defendants herein are subservient."

The next paragraph alleges that the acts of the defendants in interfering with the right to use the said "expressly granted and reserved right-of-way and easement, have further damaged plaintiffs in the sum of $1500.00, and that unless the relief prayed for is granted, the plaintiffs will suffer further loss in the value of their 150 acre tract, and such damage is laid at $5000.00."

The prayer is that on a final hearing plaintiff be given judgment against the defendants for $1250 actual damages and $6500 exemplary and punitive damages; that the trial court abate the nuisance committed by the interference with the use of the expressly granted and reserved easement, as same is pictured in the plat and exhibit attached to the pleading; that defendants be cited to appear and show cause why a mandatory injunction should not be granted to compel a restoration and reestablishment of such easement, and that defendants be cited to appear before the trial court, at a time to be fixed, to show cause why "they should not be temporarily enjoined and restrained from interfering with, obstructing, closing or barring in any manner the said expressly granted and reserved, perpetual, full, free and convenient easement and right-of-way westward from the gate on plaintiffs' east boundary line over the old, established, and well defined roadway over and across the said lands of the defendants herein * * * as shown by Exhibit A attached hereto," and that said temporary injunction upon a final hearing be made permanent.

Plaintiffs further pray that the trial court "issue such temporary restraining orders as may be necessary to enforce the rights of plaintiffs herein over their said expressly granted, reserved * * * easement and right-of-way over the said lands of the defendants * * * by restraining and enjoining the defendants from in any manner attempting to force and compel plaintiffs, their family, etc. to use any alternative route not agreed to by the plaintiffs and that the court fix, define and establish said old, seasoned, long used, well established, expressly granted and reserved right-of-way and easement, free of gates or bars and rights of the plaintiffs, their family, etc. to use the same without interference" etc.

The defendants answered excepting specially to the many allegations in the petition and to the sufficiency of same as a predicate for the injunctive relief sought, and denying the many allegations, and alleging defenses.

The trial court ordered a hearing on the matter of granting a temporary injunction, and after such hearing, entered the following judgment: "It is therefore ordered and decreed that a temporary injunction be issued restraining the defendants from interfering with the plaintiffs in the use of the old road across the premises of the defendant, Grace Cozby, to the extent and in the manner that the same was being used by plaintiff when the same was closed by the defendant; and the defendant is further temporarily enjoined from interfering

with the plaintiffs in a reasonable restoration of said road across the land heretofore plowed up by the defendant, provided that the plaintiff shall only smooth and level such roadway and place sufficient gravel thereon to make the same passable to a width sufficient for one car at a time, and further provided that no concrete walk, drives or curbs be disturbed, all of the same to be done at the plaintiffs' expense and without prejudice to any right he may have to recover such expense upon the final trial of this cause."

From this decree Grace Cozby appeals.

Such evidence as was adduced at the hearing for a temporary injunction is not before us, but we may safely say that only such evidence as was relevant to the material allegations of the petition could have been considered by the trial court.

It is obvious to us that the plaintiffs, by their specific and many times re-iterated allegations, are relying upon the "expressly granted" easement which came into being after the elder Willburn and wife conveyed the 250 acre tract to the persons named in the several deeds referred to in the petition, and such easement in no wise refers to any specific roadway, or to any then established roadway. The documents on which plaintiffs rely are entirely silent as to the location of the roadway granted or reserved.

If plaintiffs intended to rely upon the use of some then existing, established roadway by prescription they had no need of any written agreement granting or reserving a roadway.

The very allegations of the petition and exhibits to same which are so worded as not to disclose the relationship between the elder Willburn and the grantees in the several deeds we have referred to, disclose that if there was and is a roadway that has been in use for some time, it was a roadway made and used by the elder Willburn for his own benefit and convenience. There is no attempt made of any allegation that such a roadway was acquired by some person who held title independently of the elder Willburn, and who was entitled to a way of necessity across the lands of the elder Willburn.

We find no allegation that it was the intention of the parties in either the express grant of an easement or in reserving same that the parties intended to grant or reserve the easement over any then established and used route.

All that may be said of the pleading is that by mere inference the plaintiffs expect to rely upon the rule that where an easement is granted in general terms and there is then existent a well-defined and theretofore used way, the instruments referred to, as a matter of law, meant to designate the used way.

But we are of opinion that even then, the petition must describe with particularity the roadway contended for.

Plaintiffs' allegations are such that it is apparent that defendants have made what plaintiffs call an alternative route across defendants' lands, and that defendants are seeking to compel plaintiffs to use such alternative route.

The pleadings of defendants disclose that they have made such alternative route and that it is a reasonably convenient route for the use of plaintiffs, and has been used by them.

Plaintiffs made no effort to describe the location of such alternative route, but defendants' answer is specific as to same and no effort was made by plaintiffs to deny these allegations. These allegations on the part of defendants disclose that the continued use of the old roadway, contended for by plaintiffs, will materially interfere with the use of her lands and home by the defendant Grace Cozby.

Such interference when compared with the slight inconvenience the plaintiffs allege is suffered by them in the use of the alternative route, would in equity and in "balancing the conveniences" justly enure to the benefit of defendants, in the light of a petition for a temporary injunction.

Only one allegation in plaintiffs' petition discloses any substantial injury, namely, that in bad weather the new route "is practically impassable."

In this connection, it is to be noted that there is no allegation that the old roadway across this farm of 250 acres is, at all times of the year and under all weather conditions, free from the infirmities alleged to be existent in the alternative route.

A temporary injunction is one that is only intended to preserve the subject matter as it existed at the time the suit was instituted; it is an order that preserves the status quo until a final hearing and it

should go no further than equity requires. Vol. 24 Tex.Jur., para. 9, page 19.

■ Assuredly, a petition for a temporary injunction "must clearly and distinctly state all the material and essential elements entitling the party to relief, and negativing every reasonable inference arising upon the facts so stated, that the party might not, under other pertinent supposable facts, be entitled to relief"; see Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, 966, and cases cited.

Measured by this rule as announced by the Supreme Court, we do not believe the petition is sufficient to state a cause of action for a temporary injunction.

■ We do not believe the petition is sufficient for the reasons, (a) that it does not allege that the granted easement, which is expressed in general terms, was at the time of the grant intended to apply to any established roadway, then in existence, and (b) because neither by allegation nor by reference to any exhibit or to any writing or document of any character or description, is the roadway contended for described with such particularity as to us seems necessary in such a suit for equitable relief as is before us. And as all evidence of the failure of the petition to allege in certain terms, even by proper reference, what roadway they have acquired a property right in, the judgment of the trial court is equally vague.

■ The judgment, in restraining "the defendants from interfering with the plaintiffs in the use of the old road across the premises of the defendant Grace Cozby to the extent and in the manner that the same was being used by plaintiff when the same was closed by the defendant," is too vague and uncertain; it is neither sufficient to designate the easement sought to be protected nor the use to which the plaintiff may be entitled to make of it.

We believe that what was said in Sassman v. Collins et al., 53 Tex.Civ.App. 71, 115 S.W. 337 (writ refused) applies to the insufficiency of the petition in the case before us.

The remaining portion of the trial court's order and decree deals with a subject matter not pleaded, and purports to grant relief that is not sought by the temporary injunction.

For the reasons given, we are of opinion that the temporary injunction was improvidently granted, and the judgment of the trial court is by us reversed and the temporary injunction is ordered vacated.

McDONALD, C. J., concurs in the result reached.