## J. Q. HOLMAN ET AL. v. ED M. PATTERSON.

Decided January 23, 1904.

**1.—Easement—Way of Necessity.**

Where the owner of land which is wholly surrounded by other lands owned by himself, or partly by lands owned by himself and partly by lands of a stranger, sells it to another, a way of necessity arises to the grantee, and he is entitled to a right of way through the lands of the grantor. Such right is an incident to the grant, and need not be expressly given in the deed. The title to the soil remains in the grantor, and the right of way ceases whenever the way no longer exists.

**2.—Same—Right as Reserved to Grantor.**

The rule also applies where the grantor retains the inside land and conveys the exterior land, a right of way in such case being reserved by implication, since it will not be presumed that it was the grantor's intention to convey in such manner as to deprive himself of the enjoyment of the remaining land.

**3.—Same—Pleadings Given in Evidence.**

In an action for a way of necessity across surrounding lands it was competent for plaintiff to give in evidence the pleadings of defendants asserting their ownership of the surrounding lands.

**4.—Same—Judgment—Public Road.**

A judgment in such action which does no more than grant an easement to plaintiff of ingress and egress to and from his land does not establish a road for public use.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*Saner & Saner,* for appellants.

*Randolph Paine* and *W. A. Kemp,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—J. M. Patterson and his wife, Sarah E. Patterson, formerly owned lots Nos. 12, 13, 18 and 19 in block No. 229, in the city of Dallas, Texas. On the 25th day of August they conveyed, by deed duly executed to their son, Ed M. Patterson, appellee herein, all of said lots 12 and 19, and a strip 13 feet by 25 feet off the rear ends of the northeast halves of said lots Nos. 13 and 18. Lot 12 lies contiguous to and northeast of lot 13, and both front on Ross Avenue; and lot 19 lies northeast of and contiguous to lot 18 and immediately south of lot 12, and lot 18 lies immediately south of lot 13, and both 18 and 19 front on Camp Street. There is no alley between the rear ends of lots 12 and 13 and 18 and 19, and the fractional lot 13 feet by 25 feet being taken from the rear ends of lots 13 and 18, is about midway between Ross Avenue and Camp Street, and is wholly surrounded by lots 12 and 19 on the northeast and the balance of lots 13 and 18 on north, south and west. Said lots 12 and 19 and 13 and 18 are about 50 feet wide by 100 feet long each. In conveying lots 12 and 19 and the fractional lot 13 by 25 feet to appellee, the said J. M. Patterson and wife reserved to themselves a "life interest" therein. What this "life interest" was, more than the expression indicates, does not appear. On the 8th day of March, 1901, J. M. Patterson and wife and appellee,

Ed M. Patterson, by separate warranty deeds conveyed to appellants, J. Q. Holman and Annie W. Holman, said lots 12 and 19, and at this time his fractional lot was surrounded with a fence. Prior to this last date appellants Holman and Hughes had bought all of said lots 13 and 18, except appellee's fractional part thereof, from parties to whom J. M. Patterson and wife had conveyed. On June 4, 1902, J. M. Patterson and his wife, Sarah E. Patterson, by quitclaim deed conveyed to appellee, Ed M. Patterson, all the interest they had reserved or had in and to said fractional lot 13 by 25 feet. At the date of the institution of this suit appellee, Ed M. Patterson, was the sole owner of the said parcel of land 13 feet by 25 feet; the said Holman and wife were the owners of said lots 12 and 19, and the said Holman and Hughes were the joint owners of the remaining portion of said lots 13 and 18. Appellants had built upon said lots owned by them barns and sheds of the approximate value of $1500, and were using the same, among other things, for a lumber yard. Some part of the sheds or barns built by appellants Holman and Hughes extended over on lots 12 and 19, and between said lots and appellee's fractional lot, and appellant Hughes owned a half interest in said sheds. Before this suit was brought appellants had inclosed the entire property with a fence, rented a part of it to appellant Chick, and appellee's ingress and egress to and from his said fractional lot was entirely cut off.

There was no express reservation or mention of a right of way in appellee's deed to appellants Holman and wife for lots 12 and 19, nor in any of the deeds conveying the property mentioned.

Being desirous of building a house on his said fractional lot, and having been refused admission to the same, appellee brought this suit, and prayed the court, in the event appellants refused to point out a way, that the court grant, define and establish for his use a right of way over appellants' lands, as suggested and described in his petition. All the appellants answered by general demurrers, special exceptions and general denial. Holman and wife pleaded specially, in substance, that they owned said lots 12 and 19 and an undivided one-half interest in said lots 13 and 18; and that appellant Hughes owns the other half interest; that they had bought the same from different parties and had no notice of any claim of right of way by appellee; that none had been asserted, and that their interest in lots 13 and 18 had been bought from adverse parties to plaintiff; that appellants Holman and wife had bought lots 12 and 19 from appellee, paying him therefor the sum of $3000, and receiving from him a general warranty deed. That appellee knew appellants were making valuable improvements on the property, asserted no right to a way over their property of his, and is estopped now to claim such way. They set up their improvements and asked judgment for their damages in case a right of way was established as prayed for by appellee.

Appellant J. V. Hughes, in addition to his general and special demurrers, pleaded that he owned an undivided one-half interest in said

lots 13 and 18, and that he bought the same for a valuable consideration, in good faith, from adverse parties to appellee, without notice; that he acquired said property prior to the time that appellee alleges he acquired his; that appellee owned land through which he could have reserved a right of way to his property; but that he had sold it to other parties; that he had erected valuable improvements which would be destroyed if the right of way was granted to appellee, and prayed in such event he recover his damages.

Appellant Chick pleaded specially that he had, for a valuable consideration and without notice of any claim on the part of appellee to the right of way sought, leased certain buildings and premises from his codefendants, and that if such right of way was established it would disturb him of his lease and damage him $550, and prayed judgment for that amount in the event such right of way was granted.

The case was tried before the court without a jury, and judgment rendered in favor of appellee for a road or passageway ten feet wide through said lot 19, belonging to appellants Holman and wife, extending to Camp Street, as defined in appellee's petition, and directing the sheriff to remove obstructions therefrom, and that costs of suit be taxed against appellants, and they recover nothing on their pleas for damages.

There was no error in the action of the court in admitting in evidence, over the objections of appellants, their answers, the several deeds offered and the oral testimony of appellee. Appellants J. Q. Holman and wife and J. V. Hughes had specially pleaded their title and ownership of all the land adjoining and surrounding appellee's lot, and the appellant Chick that his possession was as lessee of said Holman and Hughes, and their answers were competent evidence to be considered in the establishment of such facts. The execution of the deeds was sufficiently proven, and the oral testimony of appellee was in harmony with the allegations of appellants' answers, and not contradictory of the terms and contents of said deeds. Besides, appellant J. Q. Holman testified, at his own instance and the instance of the other appellants, that he had bought from appellee, receiving therefor a warranty deed, said lots Nos. 12 and 19; that he and appellant Hughes owned all of said 13 and 18 except the part claimed by appellee, and that appellant Chick had leased a part of the premises, but had abandoned his lease two months before the trial.

It is well established that when the owner of a parcel of land which is wholly surrounded by other lands owned by himself, or partly by land owned by himself and partly by land of a stranger, sells it to another, a way of necessity arises to the grantee, and he is entitled to a right of way through the land of the grantor to arrive at the land so purchased. This right, it is said, is an incident to the grant and need not be expressly granted in the deed; that it is impliedly granted in the deed by which the land sold is conveyed, and is an application of the principle that whenever one conveys property he also conveys whatever is necessary for its beneficial use and enjoyment. The title to the soil remains in the owner, and the right to the way ceases whenever the necessity no

longer exists. It is also well settled that the same rule will apply if the grantor retains the inside or interior and conveys the exterior land.

In the case of Collins v. Prentice, 15 Conn., —, it is said: "The way in the one case, in contemplation of law, is granted by the deed, and in the other case is reserved. For the law will not presume that it was the intention of the parties that one should convey land to the other in such manner that the grantee could derive no benefit from the conveyance; nor that he should so convey a portion as to deprive himself of the enjoyment of the remainder. The law under such circumstances will give effect to the grant according to the presumed intent of the parties." See, also, Alley v. Carleton, 29 Texas, 74; Krugel v. Nitschmaun, 40 S. W. Rep., 68; Am. and Eng. Enc. of Law, 97; 94 Am. Dec., 260; Sigmon v. Lewis, 14 N. J., 444; Pierce v. Sellick, 18 Conn., 328; Bingham v. Smith, 4 Gray, 297. Applying the principle here announced to the facts of this case, it must be held that a way of necessity in the use and enjoyment of appellee's property has arisen to him, and that such way was impliedly reserved over lots 12 and 19 in the deed by which said lots were conveyed to appellants Holman and wife. That the deed of conveyance to appellants contained terms of general warranty and the appellee may have known that appellants were making improvements upon the lots and asserted no right of way at the time, does not vary the rule. The principle of estoppel invoked is not applicable. The right to this way, however, is but an incident to the estate granted appellants, and must be restricted to a necessary and reasonable use of said way by appellee in going to and from his said property.

The complaint urged to the judgment of the court below, to the effect that the same established a road for public use, is not sustained by the record. The judgment does no more than grant an easement to appellee of ingress and egress to and from his lot of land, and the appellants having declined to suggest or designate where such way should be located, the same is defined by the judgment, and no greater right is conferred than is consistent with the law upon the subject. The judgment wherein it provides for the removal of obstructions to the use of the easement granted must be construed to mean simply the opening of said way by the sheriff, and not the expenditure of work and money thereon by him for its betterment.

Assignments not discussed have been considered, with the conclusion reached that no reversible error is therein shown. The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.