**PORTER et al. v. JOHNSTON et al.**

No. 4778.

Court of Civil Appeals of Texas. Texarkana.

Sept. 17, 1934.

Rehearing Denied Sept. 27, 1934.

F. W. Fischer, of Tyler, and Taylor, Storey & Dotson, of Longview, for appellants.

Angus G. Wynne, of Longview, for appellees.

JOHNSON, Chief Justice.

This appeal is from an interlocutory order of the trial judge refusing appellants' petition praying for temporary injunction, after notice and upon hearing.

On March 16, 1933, Mrs. O. G. Johnston executed her written lease to John Kraker, for a term of three years from date, covering a strip of land 60 x 600 feet parallel with the south line of the Texas & Pacific Railway Company right of way, on the north end of her farm, located 290 feet from the west. boundary line of her farm, "said lease to be used by the said John Kraker, or his assigns, for the purpose of a loading rack and all uses in connection therewith. * * *" The lease was assigned to appellants, R. W. and W. L. Porter. They completed the construction of a loading rack on the lease, equipped to load railway oil tank cars with petroleum products from pipe line connections, and to which the railway company constructed a spur track.

It appears that mud, water, and petroleum refuse settles and accumulates in the bottom of the railway tank cars used in shipping crude oil, and that before reloading them it is necessary to clean out the tank, which appellants did by draining the refuse into a pit dug on the leased premises at the loading rack, then pumped out of the pit into tanks on automobile trucks and hauled off the premises. That about two or more truck loads per week would accumulate in the pit. That appellants gave the refuse to truck drivers to haul it off; that it is necessary to have the refuse hauled off to prevent the pit, in addition to creating a fire hazard, from overflowing and spreading over and injuring adjacent premises, and from draining down into a nearby fresh water stream in violation of law. That the lease is completely surrounded on the west, south, and east by the farm land of the lessor, Mrs. O. G. Johnston, and on the north by property of the Texas & Pacific Railway Company; and the leased premises cannot be reached without passing over the land of the lessor. or of that of the railway company. There is a road or passageway, not a public road, leading from the public road through a gate in Mrs. Johnston's west line fence, 290 feet east of the loading rack, passing the loading rack on into the farm. Which gate and passageway were in use at the time of the execution of the lease and has since been continuously used by appellants and the truck drivers hauling the petroleum refuse from the loading rack pit, until about May 7, 1934, when appellees, said Bert Johnston and J. H. Phillips, claiming to be acting for Mrs. O. G. Johnston, locked and caused to be locked said gate, and under threat.of death stopped appellants and their truck drivers from using the passageway, or in any manner passing over Mrs. Johnston's land with trucks hauling the petroleum refuse from the pit. Appellants' petition seeks a temporary injunction restraining appellees from interfering with the use of said passageway for trucks hauling the refuse from the pit.

It appears to have been the belief of appellees that appellants were using the leased premises to load or unload with trucks the railway tank cars with oil in violation of the orders of the railroad commission of the state of Texas—termed "hot oil"; but there does not appear evidence in the record on which a finding of such fact could be supported, aside from the question of its materiality as a defense to appellants' petition. No forfeiture of the lease is pleaded or claimed.

There does not appear to be any other passageway to the leased premises than that described and as used by appellants through said gate, over Mrs. Johnston's land 290 feet to the loading rack, and that it is a "way of necessity" to the use of the leased premises.

Though it should be enforced only after serious precaution, remembering that it is safest to let written contracts speak for themselves without relying on implication, except under compelling circumstances, State v. Black Bros., 116 Tex. 615, 297 S. W. 213, 53 A. L. R. 1181, the rule, as stated in Holman v. Patterson, 34 Tex. Civ. App. 344, 78 S. W. 989, 991, appears to be applicable to the facts of this case, quoting: "It is well established that when the owner of a parcel of land, which is wholly surrounded by other lands owned by himself, or partly by land owned by himself and partly by land of a stranger, sells it to another, a way of necessity arises to the grantee, and he is entitled to a right of way through the land of the grantor to arrive at the land so purchased. This right, it is said, is an incident to the grant, and need not be expressly granted in the deed; that it is impliedly granted in the deed by which the land sold is conveyed, and is an application of the principle that whenever one conveys

property he also conveys whatever is necessary for its beneficial use and enjoyment. The title to the soil remains in the owner, and the right to the way ceases whenever the necessity no longer exists."

Wherefore, the judgment of the trial court is reversed, and the order denying a temporary restraining order is here vacated, and the proceeding is remanded, with instructions that the trial judge grant the temporary injunction as prayed for.

The cost of this appeal is taxed against appellees.