## RENFRO v. SPERRY et al.

### No. 3629.

Court of Civil Appeals of Texas. Beaumont.

Nov. 29, 1939.

Rehearing Denied Dec. 13, 1939.

J. R. Beck, of Beaumont, for appellant.

Morris & Bennett, of Beaumont, for appellees.

COMBS, Justice.

Appellant, W. R. Renfro, as plaintiff brought this suit for permanent injunction against Maybelle E. Sperry and her agent, E. W. Gross, to perpetually enjoin them from interfering with his use of a certain roadway across a tract of land owned by Mrs. Sperry. He also prayed for a temporary injunction pending a final trial of the case and, upon a hearing of the application, the trial judge denied the temporary writ. This appeal is from that order.

Appellant Renfro owns and occupies a 3½ acre tract of land, which tract was originally part of a larger tract formerly owned by the Gold Hill Gardens, a corporation which was engaged in the nursery business. Appellee Mrs. Sperry now owns the part of the tract formerly owned by Gold Hill Gardens, upon which the road in question is situated. The Sperry tract lies west of the Renfro tract and between it and the Voth-Beaumont paved highway. The roadway was opened up about 1926 and was used by Gold Hill Gardens, by plaintiff and his predecessors in title and by the public generally from that time until recently when it was closed by appellee. It was appellant's theory that he has a right to the use of the road on three grounds: (1) That the road was dedicated to public use by the Gold Hill Gardens; (2) that since the road was open and being used by the public at the time his predecessors in title acquired the 3½ acre tract from the then owner of the entire tract, he and they acquired an implied easement in the roadway for the benefit of his tract; and (3) that by more than ten years of continuous, adverse use of the road by the general public the road has become public by proscription. Appellees' theory on the other hand was that the use of the roadway by appellant and his predecessors in title and by the public has at all times been permissive and not adverse; that the roadway was never dedicated to public use but was opened and used by Gold Hill Gardens for the

convenience of its customers in order that they might drive their automobiles and vehicles into and through the nursery grounds to view the shrubbery and flowers which it grew for sale to the public, and for use of its employees.

Opinion.

This being an appeal from an order of the trial court denying a temporary injunction, the sole question before us is whether on the record as a whole the trial court abused his discretion in refusing the temporary writ. We cannot consider any matters which do not relate to the propriety of the order appealed from. 3 Tex.Jur., Appeal and Error, § 723, page 1019, and authorities cited. Such being the case, we shall not summarize the evidence or discuss any issues going to the merits of the suit further than necessary to a review of the action of the trial court in entering the order appealed from.

On the record before us, appellant did not conclusively establish either of the three theories which he relied upon. At most he but raised the issues, leaving it to the sound discretion of the trial court to decide them in so far as necessary in determining whether or not the temporary writ should issue as prayed for. The trial court having refused the writ pending final hearing, we would not be warranted in holding such action an abuse of discretion.

Judgment affirmed.