**BAINS v. PARKER.**

No. 11575.

Court of Civil Appeals of Texas. Galveston.

Jan. 27, 1944.

Rehearing Denied Feb. 24, 1944.

Kemper, Hicks & Cramer, of Houston, (John G. Cramer, of Houston, of counsel), for appellant.

Albert J. DeLange, Frank A. Stamper, and Robert P. Beman, Jr., all of Houston, for appellee.

CODY, Justice.

This is a right of way by necessity case.

Prior to, and until January 8, 1932, appellant was in peaceable possession of contiguous tracts of land, consisting of 400 acres and 300 acres, respectively, claiming to own a life estate in them, and that the remainder was vested in his two daughters. The 400 acre tract is in Waller County, and the 300 acre tract is in the adjoining county of Fort Bend. On that day, appellant, his wife, and two daughters, joined by their husbands, conveyed, by general warranty deed, the 400 acre tract to appellee. It is appellant's contention that in this deed a right of way by necessity over the 400 acre tract was reserved by implication in favor of the 300 acre tract.

Appellant lives in the town of Brookshire, Waller County, which is the nearest and most practical place to market the crops raised on the 300 acre tract. He occupies the 300 acre tract by five families of tenants, who farm it; and this condition obtained at all material times. The nearest and most convenient route to get from Brookshire to the 300 acre tract is to pro-

ceed along the Brookshire-Fulcher Road to a point opposite land belonging to Charles I. Francis, at which a roadway or passageway enters the Brookshire-Fulcher Road. Then to proceed to the south on said roadway or passageway some 400 yards across the Francis land, to a gate which opens into the 400 acre tract of land. Then proceed across the eastern end of the 400 acre tract to a gate which opens into the 300 acre tract.

Immediately south of the 300 acre tract is a tract of land which is referred to in the evidence as the Hudgins tract. It is separated from the 400 acre tract, of course, only by the intervening 300 acre tract. The Hudgins tract abuts upon a public road in Fort Bend County. There was evidence that the tenants on the Hudgins tract, when going to Brookshire, would cross the 300 acre tract, the 400 acre tract, the Francis tract, and proceed, from where the roadway across the Francis tract entered the Brookshire-Fulcher Road, to Brookshire. The evidence further showed that when appellant or his tenants had occasion to use the public road upon which the Hudgins tract abuts, they used the roadway thereto across the Hudgins tract from the 300 acre tract. The evidence is to the effect that appellant and the owner of the Hudgins tract had a common ancestor from whom they claim ultimately to have derived title to their respective tracts of land. For purposes of this case it will be assumed that appellant and his tenants could pass over the Hudgins tract to the public road on which it abuts only with the consent of its owner.

The evidence shows that there was other land intervening between the 300 acre tract of land, so that it was completely isolated from any public road. But no map accompanies the record, and it would only be confusing to set it out unless a map was also set out, to be referred to in connection therewith.

Shortly before the expiration of ten years from January 8, 1932, the date of the deed aforesaid, appellee demanded of appellant that he sign an acknowledgment that his use of the roadway across the eastern end of 400 acre tract was permissive only, and that he claimed no right to use it against appellee's will. This appellant declined to do. Shortly thereafter, and apparently upon the same day, both appellant and appellee filed suit. Appellee's suit was filed in Harris County against appellant, appellant's children and their husbands, and the owner of the Hudgins tract, for the manifest purpose of preventing any right to use the roadway across the 400 acre tract from maturing by adverse user of 10 years. However, this appeal is from the suit instituted by appellant in the District Court of Waller County. By a cross-action in this suit, appellee has apparently urged against appellants the substance of the action filed by him in the Harris County suit.

In the main action appellant alleged that appellee was threatening to close the roadway which crossed the eastern end of the 400 acre tract, and which led to the Brookshire-Fulcher Road, and that said roadway was a neighborhood or third-class public road, and sought an injunction to prevent this. He referred in his allegations to the deed of January 8, 1932, and alleged that appellee was claiming to own the 400 acre tract under said deed. He alleged that said roadway was necessary to ingress and egress from his 300 acre tract. He did not specifically allege that said roadway was reserved by implication in the deed of January 8, 1932, as a right of way by necessity. And the theory that said roadway was reserved by implication as a right of way by necessity is inconsistent with the allegations of the petition that it was a public road. Besides, appellee leveled many special exceptions to appellant's petition with the manifest purpose of pinning down the scope of its allegations in order to compel appellant to allege his cause of action definitely if the court sustained such exceptions. The exceptions were overruled. If the point were important enough to require a ruling thereon we might have to hold that appellant's main action was based exclusively on the theory that the roadway in question was a public road; but we have not considered it more closely because appellee's answer and cross-action make it unnecessary to do so.

In his answer and cross-action appellee alleged that he purchased the 400 acre tract from appellant, his wife and children, and others. That he paid full consideration therefor, and received a general warranty deed in which no reservation whatever was made. That by so conveying, warranting, and representing the title to said tract, appellant is estopped to claim any right of use therein. That appellant, by his claims and conduct, is casting a cloud upon appellee's title to the 400 acre tract; and

appellee prayed to have all clouds cast on his title by appellant removed, and further prayed to recover title and possession in the 400 acres from appellant.—Appellee's pleadings are sufficient to raise the issue of right of way by necessity, or any other title which appellant could claim in the 400 acres.

At the conclusion of the evidence, appellee moved for an instructed verdict, specifying in his motion the grounds therefor, which was by the court refused. The case was submitted to the jury upon four special issues, to each of which appellee objected and excepted upon numerous grounds. For reasons which hereafter appear, it is necessary to state the substance of each such special issue, as answered by the jury, as follows:

The jury found: 1. That appellant and others used a roadway as a means of travel across the eastern end of the 400 acre tract. 2. That the same had been so used as a means of travel for 45 years. 3. That such roadway or passageway was not the only roadway or passageway that appellants had to a public road on January 8, 1932. 4. That from and after January 8, 1932, the roadway or passageway across the 400 acre tract now belonging to appellee was the only roadway or passageway appellant had to a public road.

Appellant filed a motion for judgment upon the jury's verdict; and appellee moved the court to disregard the answers to special issues Nos. 1, 2, and 4, and to enter judgment for him upon special issue No. 3, and the undisputed evidence. The court refused appellant's, and granted appellee's motion; and rendered judgment for appellee.

In the judgment for appellee, the court found: That the use made by appellant and others, referred to in special issues Nos. 1 and 2, was a use made by the prior owners of the 400 acre tract, and by the invitees of such prior owners. The court made other findings to the like effect that show no right to use the roadway had been established against appellee by adverse user, which are unnecessary to be stated. The court further found, among other things, that there was no evidence to establish that appellant owned the 400 acre tract prior to January 8, 1932; or that he then or now owns the 300 acre tract. Also the court found that there is no evidence of a fixed path across the 400 acre tract,

nor of any way of necessity across the same, nor of any description of a road, nor evidence of its course, distance or boundaries. The court found further that there is no evidence to sustain the jury's verdict to special issue No. 4.

Appellant predicates his contention for reversal of the judgment rendered below upon two points: 1st, That the court should have granted the injunction appellant prayed for, based upon the jury's verdict and the undisputed evidence. 2nd, That the court erred in rendering judgment for appellee, refusing appellant an injunction, and removing appellant's claim of a roadway across the 400 acre tract as a cloud upon the title to appellee's title thereto, notwithstanding the jury's answers to special issues Nos. 1, 2, and 4.

■ Appellant abandoned his main action in the trial court, at least so far as it was based upon the allegation that the roadway was a neighborhood or third-class public road, by not requesting any issues submitted as to whether such roadway was a public road; and he here urges no points based thereon. Whether, in view of the special exceptions urged by appellee to appellant's petition, the special issues, which were submitted to the jury, were supported by allegations in appellant's petition, it is not worth while to determine. For such issues, so submitted to the jury, were made between the parties by allegations of appellee's cross-action.

■ The rule which engrafts upon a deed of conveyance a reservation by implication of a right of way by necessity across the land granted, in favor of the land retained, is recognized by the Texas decisions; at least where the grantor is another than the sovereignty of the soil. State v. Black Bros., 116 Tex. 615, 297 S.W. 213, 217, 53 A.L.R. 1181; Gulf, C. & S. F. Ry. Co. v. Rowland, 70 Tex. 298, 301, 7 S.W. 718; Holman v. Patterson, 34 Tex.Civ.App. 344, 78 S.W. 989, 991. But the opinion in State v. Black Bros., supra, states in effect that the rewriting of contracts of conveyance, solemnly entered into by the parties thereto, by courts, by implying reservations in favor of the grantor in derogation of his grant, is questionable in principle. And the Supreme Court there stated that no enlargement or extension of the doctrine of right of way by necessity in derogation of grants beyond the limits now recognized by decided Texas cases should

be sanctioned. Appellee contends that under the undisputed proof in this case the doctrine of an implied reservation of a way does not apply to the deed of January 8, 1932.

The undisputed evidence in this case shows that in order to get from the 300 acre tract of appellant, by using the roadway or passageway in question, to the Brookshire-Fulcher Road, not only must the 400 acre tract be crossed, but land belonging to Charles I. Francis must be crossed for a distance of some 400 yards. In other words, in order to get to the 300 acre tract, a traveler upon the Brookshire-Fulcher Road must, after leaving that road, travel across the Francis tract for a distance of 400 yards, when he will come to the north fence of the 400 acre tract. Then, after passing through the gate, he must cross over the eastern end of the 400 acre tract and then pass through a gate in the south fence of the tract in order to get to 300 acre tract.

Appellee's undisputed evidence is that the use of the roadway across the Francis tract is permissive only, and that a traveler upon it is a mere licensee. The only conclusion which can be drawn from the evidence is that, while Mr. Francis is not so unneighborly as to bar his neighbors from crossing his land to and from the Brookshire-Fulcher Road, he has not improvidently surrendered his right to do so.

That appellant believed that the roadway in question was a public road is attested by his pleadings. That he was wrong was established by the trial. Had he challenged Francis to try that issue with him, instead of appellee, it is not likely that he would now assert any right of way by necessity to use the roadway from the 300 acre tract to the gate in the north fence of the 400 acre tract. For then it would appear that his claimed right to use the roadway in question would run out whenever he got to the gate in the north fence of the 400 acre tract which opens into the Francis tract. He would then be compelled to return whence he came, because he could not, without the indulgence of Francis, proceed to the Brookshire-Fulcher Road.

Appellant is therefore in the position of contending here that he must be taken to have reserved a right of way by necessity over the 400 acre tract because, once he can get to the Francis tract, he can enjoy a right of way by the benevolence of its owner thence to the Brookshire-Fulcher Road. In order to bring himself within the doctrine of the right of way by necessity, a grantor must show that the land which he conveyed either abutted upon a public road or upon some other true right of way, public or private. In this case the undisputed evidence discloses that in order for appellee to get from his 400 acre tract over the roadway across the Francis tract to the Brookshire-Fulcher, he is obliged to conciliate the indulgence of Francis. We are constrained to hold that the court should have instructed a verdict in favor of appellee at the conclusion of the evidence. Since the court rendered a correct judgment, the reasons assigned therein for so doing will not be scrutinized to determine whether they be correct.

In conclusion we deem it not amiss to note that appellant's case, when cut off from the use of the roadway in question, is a hard one. His need to use the roadway in question is great and apparent. The burden which his use of such roadway across the 400 acre tract will impose thereon appears to be but small. However, that affords no argument to corrupt or expand the doctrine of right of way by necessity to alleviate his situation; though it will appeal strongly to the conscience and benignity of appellee, now that the dispute is settled, which, both believing themselves right, maintained with equal and proper spirit.

The judgment should be affirmed, and it is so ordered.

Affirmed.

## On Motion for Rehearing.

As indicated in our original opinion, the undisputed evidence established that Charles I. Francis owned the tract of land which abutted on the Brookshire-Fulcher Road, and which separated appellee's 400 acre tract therefrom. In the absence of any evidence to the contrary, evidence that Francis owned said tract is evidence that he owned it in fee simple. See R.C.S. Art. 1291. Appellee went further with his evidence and proved that his right of passage over the Francis tract is permissive only, and this evidence is, as stated in our original opinion, undisputed.

Motion for rehearing is refused.