**RICHTER et ux. v. HICKMAN et al.**

No. 12339.

Court of Civil Appeals of Texas.
Galveston.

Oct. 11, 1951.

Wm. F. Jackson, of Hempstead, for appellants.

C. W. Karisch, of Hempstead, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Waller County granting an application for a temporary injunction brought by George W. Hickman and Louis F. Rothermel seeking an order restraining Emil Richter and Bessie Richter from obstructing or interfering with their use of an easement over a strip of land claimed by appellants. Upon a hearing the trial court rendered the order sought. Emil Richter and wife, Bessie Richter, appealed. Appellees alleged that if appellants were not restrained from interfering with them in their use and enjoyment of said strip of land, they would be deprived of their only all weather road to and from a 52 acre tract of land, the property of appellee Hickman, and that they would be compelled to use a hazardous back road to said land, which will greatly hamper the use of said land.

The strip of land involved is approximately 15 feet wide and 200 feet long off the western end of a 2 acre tract claimed by appellants. The passageway is bounded on the west by a railroad right-of-way and on the east by an old fence line. A county road leads into the south end of this passageway. Its north end opens into appellee

Hickman's 52 acre tract at the tract's southwest corner. The passageway is a well-traveled and used all weather road and appears to be a continuation of the county road up to an iron gate at the front entrance of Hickman's 52 acre tract. It is undisputed in the record that the back route to said 52 acre tract is hazardous and cannot be traveled in bad weather, and that it was not a satisfactory roadway. There are two houses on the 52 acre tract, one occupied by an employee of appellee Rothermel and the other by appellee Hickman, when he stays on the farm.

When appellee Hickman purchased said 52 acre tract of land in 1936, the road from the public road to the dwelling on the land was through a cotton field on a 60 acre tract, which included said 2 acre tract of land, and across a portion of Hickman's 52 acre tract to the dwelling on his land. The owner of the 60 acre tract did not want persons going to the Hickman land to cross his cotton field on the 60 acre tract and he agreed that if Hickman would buy the place he could have a road close to the railroad. Hickman testified that he would not have bought the land unless he was furnished with this right-of-way and that it was his understanding when he bought the land that the lane would belong to him; that after he purchased the land he had a bridge built on his land about 50 feet from the passageway and that he built a road out to the county road. Hickman used this road continuously until he moved away from his farm in 1949. His use was exclusive except for the casual use of the road by neighbors who in wet weather drove their cars to Hickman's place. Later a fence was constructed along the east line of the roadway and the passageway has become a well-traveled path.

█ An "easement" is defined in 28 C.J.S., Easements, § 1, page 619, as "a liberty, privilege, or advantage without profit, which the owner of one parcel of land may have in the lands of another * * *." "Easement" is further defined in Cozby v. Armstrong, Tex.Civ.App., 205 S.W.2d 403, 407 (refused, n. r. e.), as "a liberty, privilege, or advantage in land without profit, existing distinct from the ownership of the soil."

██ It is the settled law in this State that the propriety of a temporary injunction against interference with an easement does not depend on the ultimate merits of the controversy regarding the existence vel non of the easement, and that the question upon appeal from a pendente lite injunctive order is whether the trial judge abused his discretion in preserving the status quo as of the date on which controversy arose. The issue to be determined is whether there was a bona fide dispute as to the existence of an easement asserted by the plaintiffs and whether the injunctive relief was essential to preserve the continued exercise of that right pending adjudication of the controversy over the legal existence of the right. Huston v. Throckmorton County, Tex.Civ.App., 215 S.W.2d 387; Vinson v. City of Winters, Tex.Civ. App., 178 S.W.2d 142; Burke v. Shafer, Tex.Civ.App., 189 S.W.2d 444, error refused; Carleton v. Dierks, Tex.Civ.App., 195 S.W.2d 834.

█ It is also a well-established rule of law in this State that when the owner of a parcel of land, which is wholly surrounded by other lands owned by himself or partly land owned by himself and partly by land of a stranger, sells it to another, a way of necessity arises to the grantee and he is entitled to a right-of-way through the land of the grantor to arrive at the land so purchased. This right, it is said, is an incident to the grant, and need not be especially granted in the deed; that it is impliedly granted in the deed by which the land is conveyed, and is an application of the principle that whenever one conveys property he also conveys whatever is necessary for its beneficial use and enjoyment. The title to the soil remains in the owner, and the right to the way ceases whenever the necessity no longer exists. Porter v. Johnston, Tex.Civ.App., 76 S.W.2d 548.

█ Under the record in this action the controlling question presented is whether the evidence disclosed a bona fide dispute as to the existence of an easement. Such a dispute is sufficient to justify the court

in exercising its discretion to preserve the status quo pending a final determination of the questions involved on their merits.

■ It is the settled law in this State that the granting or refusal of a temporary injunction is within the sound discretion of the trial court and that the court's action is not reviewable upon appeal unless it clearly appears from the record that there has been an abuse of such discretion. Houston v. Interstate Circuit, Inc., Tex. Civ.App., 132 S.W.2d 903, Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778; Frels v. Consolidated Theatres, Tex.Civ.App., 134 S.W.2d 369; Renfro v. Sperry, Tex.Civ. App., 134 S.W.2d 438.

■ It appears from the record that the trial court arrived at his decision after a thorough hearing of the facts and a consideration of the record convinces us that he did not abuse his discretion in entering the order granting the injunction.

These conclusions require an affirmance of the trial court's judgment.

It is so ordered.