**Virgie K. LEWIS et al., Appellants,**

v.

**J. H. ROSE, Jr., Appellee.**

**No. 6522.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 11, 1962.

Rehearing Denied Feb. 7, 1962.

R. E. Biggs, Liberty, for appellants.

Thos. J. Hightower, Liberty, for appellee.

STEPHENSON, Justice.

Appellant brought this suit to have a road judicially declared a public road by prescription. Pending a hearing on the merits, appellants sought to have the trial court restrain the appellee from denying appellants free use of this road. This is an appeal from an order of the trial court denying appellants' application for a temporary injunction.

The rules governing the type of review by an appellate court in this situation are very clearly set forth by the Supreme Court in Texas Foundries, Inc. v. International Moulders and Foundry Workers Union, 151 Tex. 239, 248 S.W.2d 460, as follows:

"The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion." (Citing cases) —The Court of Civil Appeals, 241 S.W.2d 213, amended the order of the trial court and the Supreme Court had this to say: "It (CCA) fell into the error of substituting its judgment for that of the trial judge. Such a substitution does not accord with the approved method of review of a temporary injunction. The appellate court cannot substitute its discretion for that of the trial court. (It has no independent discretion for that of the trial court). It has no independent discretion in reviewing such an order; its sole function is to determine whether there has been a clear abuse of discretion by the trial judge."

Twenty-two witnesses testified on behalf of appellants, and six witnesses for appellee. This Court has carefully read the 448 pages of testimony, and finds a sharp conflict as to the number of roads crossing the land in question, and as to whether the particular road in issue has been situated at its present location throughout the prescriptive period. The evidence also raised an issue as to whether portions of the road in question were used with permission of the owner. In fact, appellants contend in the first point in their brief that the evidence raised an issue of fact as to whether the road in question had become a public road by prescription. The trial court resolved the conflict in the testimony and the issues of fact in favor of appellee. There is testimony sustaining the judgment of the trial court. The precise question was presented in the case of Renfro v. Sperry et al., Tex.Civ.App., 134 S.W.2d 438, in which case it is written:

"This being an appeal from an order of the trial court denying a temporary injunction, the sole question before us is whether on the record as a whole the trial court abused his discretion in refusing the temporary writ. We cannot consider any matters which do not relate to the propriety of the order appealed from. 3 Tex. Jur., Appeal and Error, § 723, page 1019, and authorities cited. Such being the case, we shall not summarize the evidence or discuss any issues going to the merits of the suit further than necessary to a review of the action of the trial court in entering the order appealed from.

"On the record before us, appellant did not conclusively establish either of the three theories which he relied upon. At most he but raised the issues, leaving it to the sound discretion of the trial court to decide them in so far as necessary in determining whether or not the temporary writ should issue as prayed for. The trial court having refused the writ pending final hearing, we would not be warranted in holding such action an abuse of discretion."

The judgment is affirmed.