**Rudolph A. SUPAK, Appellant,**

v.

**Jerry BAYER, Appellee.**

**No. 10942.**

Court of Civil Appeals of Texas.

Austin.

March 7, 1962.

Rehearing Denied March 28, 1962.

John S. Simmang, Giddings, Richard Spinn, Brenham, for appellant.

Charles C. Smith, Jr., Cameron, Walter M. Hilliard, Caldwell, for appellee.

ARCHER, Chief Justice.

This case involves the location of a right of way easement. Rudolph A. Supak, plaintiff in the trial court, appellant on appeal, owner of the dominant tract of land containing 170 acres, brought suit against Jerry Bayer, owner of the servient tract, containing 30 acres. Title to both tracts are by deeds of the same date from Mrs. Lydia E. Bayer, widow of William Bayer, deceased, and her children, the appellant's deed being also signed by appellee, Jerry Bayer, one of the children; the deed to Jerry Bayer being signed by Mrs. Lydia E. Bayer, his mother, and brothers and sisters.

In the deed to appellant, after describing the 170 acres, is the following: "Second tract: constitutes an easement or right of way over and across the Jerry Bayer 30 acre tract mentioned in the first tract hereinabove described, to be used as an outlet from the William Bayer homestead to the public road." In the deed to Jerry Bayer, appellee, after describing his 30 acres, is the follow-

ing: "* * * said tract of land being subject however, to an easement or right of way over and across the same to be used as an outlet from the William Bayer homestead to the public road."

The 170 acres constituted William Bayer's homestead and appellant alleged that when he purchased there was only one roadway from the William Bayer homestead across the 30 acres deeded to appellee, Jerry Bayer, that led to the public road, which he used for about two years when appellee plowed up and obstructed appellant's use of same.

Appellant filed this suit seeking to have a formerly used right of way across appellee's 30 acre tract located as same was located at the time the 170 acre tract was conveyed to him, or alternatively that the Court designate and locate a right of way from appellant's land across appellee's land to a public road.

The trial was begun with the aid of a jury, but at the conclusion of plaintiff's testimony, on motion of defendant, the Court withdrew the case from the jury, denied plaintiff the right to use a way formerly used in going from the land now owned by appellant across appellee's land to the public road, and designated a roadway tendered by defendant across the south end of defendant's 30 acre tract which had been graded by the County Commissioner at defendant's expense as a roadway to the public road.

The appeal is based on three points and are that the Court erred in withdrawing the case from the jury, denying plaintiff the use of the roadway formerly used, and requiring plaintiff to accept another roadway, because the testimony showed that only one right of way existed at the time of the sale of both the 170 acre tract and the 30 acre tract and that only one roadway existed from the 170 acres across the 30 acre tract to the county road.

The two tracts at one time constituted a 200 acre tract known as William Bayer homestead. Subsequent to the death of Mr. Bayer, his widow, Mrs. Lydia E. Bayer, and her children on April 2, 1957 conveyed the north 170 acres of the original tract to Rudolph A. Supak and in this deed is a recitation as follows:

"Second Tract: constitutes an easement or right of way over and across the Jerry Bayer 30 acre tract mentioned in the First Tract hereinabove described, to be used as an outlet from the William Bayer homestead to the public road."

On April 2, 1957 Mrs. Bayer, joined by her children, other than Jerry Bayer, conveyed to Jerry Bayer a 30 acre tract of land and in the deed there is this recitation:

"Said tract of land being subject, however, to an easement or right of way over and across the same, to be used as an outlet from the William Bayer homestead to the public road."

There is no question but that appellant is entitled to an easement to be used as an outlet from his land to the public road. In his petition plaintiff sought to have located the right of way in use when he purchased the land and described the roadway in general terms as 12 to 15 feet in width, beginning at a point in the Jerry Bayer 30 acre tract, where the end of the public road intersected the southwest line; thence N. 45 E. 160 varas to a turn in the traveled road; thence N. 55½ W. across the 30 acre tract to the division line.

The Trial Judge found that the road ran at a slightly different place from the recited courses and distances and failed to describe a road in a sufficient manner to identify its location and so the boundaries thereof could be ascertained with reasonable certainty.

We believe the Court was justified in withdrawing the case from the jury and in rendering judgment locating the easement for use as an outlet from appellant's 170 acre tract across appellee's 30 acre tract.

We are inserting in this opinion a map prepared by a surveyor showing the location of boundary lines of the 30 acre tract, its common boundary line with the 170 acre

tract, the roadway formerly in use, and the roadway tendered by appellee Bayer as an outlet, being the easement for an outlet as ordered by the Court for appellant's use.

The plaintiff having sought such as an alternative outlet and no question being raised as to the adequacy of the outlet as fixed by the Court, cannot be heard to complain. There is no contention that the outlet as fixed by the Court is not adequate and does not meet the need of appellant.

21 Tex.Jur.2d p. 187; Sassman v. Collins, Tex.Civ.App., 115 S.W. 337, error ref.; Cozby v. Armstrong, Tex.Civ.App., 191 S.W.2d 786; Holman v. Patterson, 34 Tex.Civ.App. 344, 78 S.W. 989, error ref.

The judgment of the Court is affirmed.