NO. 12-03-00428-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
KANDI M. HUBERT,                                        §                 APPEAL FROM THE THIRD
APPELLANT

 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

TOMMY DEAN DAVIS, DEBRA DAVIS,
ROBERT GARNER AND MELBA GARNER,
APPELLEES                                                      §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
OPINION
            Kandi M. Hubert appeals the trial court’s order granting summary judgment in favor of
Tommy Dean Davis and Debra Davis (collectively “Davis”). Hubert raises three issues on appeal. 
We affirm.
 
Background
            The instant case concerns a right of passage granted to lot owners in a residential community
adjacent to Cedar Creek Lake in Henderson County, Texas. Cecil Bauguss filed the document in
dispute on May 23, 1967. The pertinent sections of the document


 are as follows:
 
I[,] Cecil Bauguss[,] ... do hereby impress all of the property in such subdivision with the following
restriction[s], except Lot No. 9.
13. There is hereby granted unto all owners of lots in said subdivision the free use, liberty and
privilege of passage in and along, over and across all of Lot No. 9 Block No. 1 of said Subdivision
with free ingress and egress to said owners with boats, boat trailers and other vehicles, and travel by
foot, and the right to temporarily park thereon boats, boat trailers, and other vehicles incident to the
use of such property as a boat landing.

              ....
 
14. These restrictions and covenants are hereby declared to be covenants running with the land and
shall be fully binding upon all persons acquiring property in said subdivision whether by descent,
devise, purchase or otherwise, and any person by the acceptance of title to any lot of this subdivision
shall thereby agree and covenant to abide by and fully perform the foregoing restrictions and
covenants. These covenants are to run with the land and shall be binding for a period of 25 years from
the date hereof; at the end of such period, said restrictions and covenants shall automatically be
extended for a successive period of 10 years unless by a vote of three-fourths majority of the then
owners of the lots in said subdivision (each lot having one vote), taken prior to the expiration of said
25-year period and filed of record in said County, it is agreed to amend or release the same.


            On January 28, 2003, Hubert purchased Lot 9 from Robert and Melba Garner. One of
Hubert’s predecessors in interest erected a fence to prevent others from entering onto Lot 9. Davis
and others breached the fence and entered upon Lot 9. Neither Hubert nor the Garners gave consent
to Davis or others to use Lot 9 for any purpose. Davis continues to use the boat ramp on Lot 9.
            Hubert brought the instant suit seeking a declaratory judgment that Hubert is the sole and
exclusive owner of Lot 9, unencumbered by the expired restrictions. Davis counterclaimed seeking
a declaratory judgment recognizing an easement burdening Lot 9. On May 21, 2003, Davis filed a
motion for summary judgment, to which Hubert responded. Hubert further filed a cross-motion for
summary judgment. On August 27, 2003, the trial court granted Davis’s motion for summary
judgment and denied Hubert’s cross-motion. Specifically, the court found that Lot 9 is burdened
with the easement created by paragraph 13 of the restrictive covenants and that the easement is not
subject to expiration through the same time limits set for the restrictions. This appeal followed.
 
Standard of Review
            In his first issue, Hubert argues that the trial court erred in granting summary judgment in
Davis’s favor because the restrictions do not grant or create a permanent easement. In reviewing a
traditional motion for summary judgment, we must apply the standards established in Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548–49 (Tex. 1985), which are as follows:
 
              1.           The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;
              2.           In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and
              3.           Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.


See id.; May v. Nacogdoches Mem’l Hosp., 61 S.W.3d 623, 628 (Tex. App.–Tyler 2001, no pet.). 
For a party to prevail on a motion for summary judgment, he must conclusively establish the absence
of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c). A movant must either negate at least one essential element of the nonmovant's
cause of action or prove all essential elements of an affirmative defense. See Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995); see also MMP, Ltd. v. Jones, 710
S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts about the
existence of a genuine issue of a material fact are resolved against the movant, we must view the
evidence and its reasonable inferences in the light most favorable to the nonmovant. See Great Am. 
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). We are
not required to ascertain the credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits, and other summary judgment proof. See Gulbenkian v. Penn, 252
S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material fact is
presented. See Tex. R. Civ. P. 166a(c).
            Once the movant has established a right to summary judgment, the nonmovant has the burden
to respond to the motion for summary judgment and present to the trial court any issues that would
preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678–79 (Tex. 1979). All theories in support of or in opposition to a motion for
summary judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c).
 
Construction of Covenants and Easements
            An easement confers upon one person the right to use the land of another for a specific
purpose. Lakeside Launches, Inc. v. Austin Yacht Club, Inc., 750 S.W.2d 868, 870 (Tex.
App.–Austin 1988, writ denied). An easement has been further defined as a “liberty, privilege, or
advantage in land without profit, existing distinct from the ownership of the soil.” Richter v.
Hickman, 243 S.W.2d 466, 468 (Tex. Civ. App.–Galveston 1951, no writ). As such, easements
consist of the following characteristics pertinent to our discussion: (1) an easement is a burden on
one estate, the servient estate, for the benefit of another, the dominant estate, see Miller v. Babb, 263
S.W. 253, 254 (Tex. Comm’n App. 1924, judgm’t adopted); (2) an easement may be created by
express grant, but must be derived from the owner of the servient estate, see Williams v. Kuykendall,
151 S.W. 629, 629 (Tex. Civ. App.–Austin 1912, no writ); (3) an easement is a nonpossessory
interest in land that is not revocable at will, see Marcus Cable Assocs., L.P. v. Krohn, 90 S.W.3d
697, 700 (Tex. 2002); Chicago, R.I. & G. Ry. Co. v. Johnson, 156 Tex. 253, 356 (Tex. Civ.
App.–Amarillo 1913, writ ref’d); and (4) an easement confers no right to participation in the profits
arising from the servient estate. See Magnolia Petroleum Co. v. Caswell, 1 S.W.2d 597, 600 (Tex.
Comm’n App. 1928).
            Since an easement is an interest in land, the grant of an easement should be drawn and
executed with the same formalities as a deed to real estate. See Compton v. Texas Southeastern Gas
Co., 315 S.W.2d 345, 349 (Tex. Civ. App.–Houston [1st Dist.] 1958, writ ref’d n.r.e.). The
description of an express easement must be definite and certain upon the face of the instrument itself
or in some writing referred to in the instrument, such that a surveyor can go upon the land and locate
the easement from the description. See Vrabel v. Donahoe Creek Watershed Auth., 545 S.W.2d
53, 54 (Tex. Civ. App.–Austin 1976, no writ). The writing required by the statute of frauds, which
identifies the servient estate of an easement, must contain the essential terms of a contract, expressed
with such certainty and clarity that it may be understood without recourse to parol evidence to show
the intention of the parties. See Pick v. Bartel, 659 S.W.2d 636, 637 (Tex. 1983).
            In spite of these formal requirements, the fact that an easement clause is vague, indefinite, or
uncertain does not authorize the court to completely ignore the valuable right thereby granted if the
clause is still susceptible of a reasonable construction as to its true intent and meaning. See Seastrunk
v. Walker, 156 S.W.2d 996, 997 (Tex. Civ. App.–Waco 1941, writ ref’d w.o.m.); see also Jones v.
Fuller, 856 S.W.2d 597, 602 (Tex. App.–Waco 1993, writ denied). Generally, any language that
clearly shows an intention to grant an easement is sufficient for the purpose; no special form or
particular words need be employed. See Maples v. Erck, 630 S.W.2d 488, 491 (Tex. App.–Corpus
Christi 1982, writ ref’d n.r.e.).
            We review the trial court's interpretation of restrictive covenants and easements de novo. Air
Park-Dallas Zoning Committee, 109 S.W.3d 900, 909 (Tex. App.–Dallas 2003, no pet.); see also
Nicol v. Gonzales, 127 S.W.3d 390, 394 (Tex. App.–Dallas 2004, no pet.). The rules of contract
construction govern the interpretation of restrictive covenants and easements. Pilarcik v. Emmons,
966 S.W.2d 474, 478 (Tex. 1998); Nicol, 127 S.W.3d at 394. Whether restrictive covenants or
easements are ambiguous is a question of law. Id. Courts must examine the covenants and easements
as a whole in light of the circumstances present when the parties entered the agreement. Id. Like a
contract, covenants and easements are unambiguous as a matter of law if they can be given a definite
or certain legal meaning. Id. On the other hand, if the covenants or easements are susceptible to
more than one reasonable interpretation, they are ambiguous. Id.
            In the case at hand, the trial court in its declaratory judgment found that Lot 9 is burdened with
an easement created by paragraph 13 of the restrictive covenants and that the easement is not subject
to expiration through the same time limits set for the restrictions. Our review concerns whether
paragraph 13 unambiguously created an easement as a matter of law as opposed to a restriction or
covenant, which, by the terms of the document, was subject to expiration. Paragraph 13 states as
follows:
 
13. There is hereby granted unto all owners of lots in said subdivision the free use, liberty and privilege
of passage in and along, over and across all of Lot No. 9 Block No. 1 of said Subdivision with free
ingress and egress to said owners with boats, boat trailers and other vehicles, and travel by foot, and
the right to temporarily park thereon boats, boat trailers, and other vehicles incident to the use of such
property as a boat landing.
 
 
            By its plain language, paragraph 13 creates by express grant a burden on a servient estate, Lot
9, for the benefit of the dominant estates, all other lots in the subdivision. Paragraph 13 further grants
a nonpossessory interest in Lot 9 and contains no indication that the grant is revocable at will. 
Moreover, paragraph 13 confers no right by which owners of the dominant estates may profit from
the servient estate. It is significant that paragraph 13 states that the interest is “granted” to all owners
of lots in the subdivision. The word “grant” is a word of present conveyance indicating complete
alienation. See Sisk v. Randon, 33 S.W.2d 1082, 1085 (Tex. Civ. App.–Galveston 1930), aff’d, 123
Tex. 326, 70 S.W.2d 689 (Tex. Comm’n App. 1934). From the language of paragraph 13, it is
reasonable to conclude that Bauguss intended to then and there grant to all other lot owners in the
subdivision the free use and right of passage in and along, over and across Lot 9 with free ingress and
egress for specific purposes. See Lakeside Launches, Inc., 750 S.W.2d at 870. Therefore, we hold
that the trial court reasonably interpreted the unambiguous language employed in paragraph 13 as
creating an easement.
            Hubert argues that paragraph 13 grants a privilege rather than a right. A privilege, according
to Hubert, is a term of limitation. Although Hubert cites no authority for the proposition that the word
“privilege” was intended to limit the express grant in paragraph 13, we note that a “privilege” is
defined as a “peculiar right.” See Black’s Law Dictionary 1197 (6th ed. 1990) (emphasis added). 
Moreover, an easement is defined as a “liberty, privilege, or advantage in land without profit, existing
distinct from the ownership of the soil.” Richter, 243 S.W.2d at 468 (emphasis added). The term
“privilege,” without more, does not limit the grant in paragraph 13. 
            Hubert further argues that paragraph 13 makes no use of the word “easement.” However, as
we have noted previously, any language that clearly shows an intention to grant an easement is
sufficient for the purpose; no special form or particular words need be employed. See Maples, 630
S.W.2d at 491. Even though paragraph 10 of the restrictive covenants agreement made specific use
of the word “easement” in reserving land for use by utilities, it does not necessarily follow that
identical language must be used to create another easement. Id. 
            Yet, while not revocable at will, easements do not necessarily run in perpetuity. A
determinable easement may be created that will terminate on the happening of a particular event. See
Sentel v. Williamson County, 801 S.W.2d 220, 222 (Tex. App.–Austin 1990, no writ). Thus, we
must determine whether Bauguss intended that the terms set forth in paragraph 14 apply to the
easement created by paragraph 13. Paragraph 14 states as follows:
 
14. These restrictions and covenants are hereby declared to be covenants running with the land and
shall be fully binding upon all persons acquiring property in said subdivision whether by descent,
devise, purchase or otherwise, and any person by the acceptance of title to any lot of this subdivision
shall thereby agree and covenant to abide by and fully perform the foregoing restrictions and covenants. 
These covenants are to run with the land and shall be binding for a period of 25 years from the date
hereof; at the end of such period, said restrictions and covenants shall automatically be extended for
a successive period of 10 years unless by a vote of three-fourths majority of the then owners of the lots
in said subdivision (each lot having one vote), taken prior to the expiration of said 25-year period and
filed of record in said County, it is agreed to amend or release the same.
 
 
From the language used in paragraph 14, the trial court could reasonably find that the time limitations
applied only to the restrictions and covenants contained in the document. We cannot conclude that
paragraph 14, when read in conjunction with the remainder of the document, is ambiguous. A
“restriction” is a limitation, respecting the use to which property may be put. See Black’s Law
Dictionary 1315 (6th ed. 1990); see also Interstate Circuit, Inc. v. Pine Forest Country Club, 409
S.W.2d 922, 925 (Tex. Civ. App.–Houston [1st Dist.] 1967, writ ref’d n.r.e.) (a land owner may
convey a portion of the land and, by appropriate covenant or agreement, may lawfully restrict the use
of the part conveyed for the benefit of the remaining portion). On the other hand, a “covenant” is an
agreement of one of the parties to a contract to act or forbear to act in a certain specified way. See
Reinert v. Lawson, 113 S.W.2d 293, 295 (Tex. Civ. App.–Waco 1951, no writ). As set forth above,
the language used in paragraph 13 can reasonably be interpreted to grant an easement in Lot 9. 
Therefore, it reasonably follows that since the grant in paragraph 13 is an easement and the time
restrictions in paragraph 14 apply only to restrictions and covenants, the time restrictions in
paragraph 14 are inapplicable to the easement granted by paragraph 13. 
            In summation, considering the evidence in the light most favorable to Hubert, we conclude
that the document at issue is not ambiguous. Moreover, there were no issues of material fact in the
summary judgment record. We hold that the trial court reasonably concluded, as a matter of law, that 
Lot 9 is burdened with an easement created by paragraph 13 of the restrictive covenants and that the
easement is not subject to expiration through the same time limits set forth in paragraph 14. Hubert’s
first issue is overruled.


 
 
 
Disposition
            Having overruled Hubert’s first issue, we affirm the trial court’s judgment. 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
 
Opinion delivered June 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)