

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00268-CV

---

**JASON PAUL WHITE, DDS, APPELLANT**

**V.**

**JANE DOE, INDIVIDUALLY AND AS NEXT FRIEND OF JOHN DOE, A MINOR CHILD, AND JOHN DOE II, AS NEXT FRIEND OF MINOR CHILDREN, JOHN DOE III AND JOHN DOE IV, APPELLEES**

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2021-542,885, Honorable J. Phillip Hays, Presiding

---

July 25, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Jason Paul White, DDS, brought this interlocutory appeal from an order granting an application for the appointment of a receiver. We affirm the trial court's order.

**BACKGROUND**

Jane Doe and John Doe II brought suit against White on behalf of their minor children, asserting several causes of action arising from White's alleged sexual

exploitation and abuse of the children. The Does also filed an application for receivership, request for injunctive relief, and notice of intent to pursue a prejudgment writ of attachment. Following a hearing, the trial court appointed a receiver and granted a restraining order. White then brought this appeal.

DISCUSSION AND ANALYSIS

White's notice of appeal states that he is appealing from the order appointing a receiver, which is an appealable order under section 51.014 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1). White frames his sole issue on appeal as whether the trial court erred in granting the receivership.

However, the arguments presented in White's brief have no relation to the appointment of a receiver. Instead, White devotes his briefing to a discussion of alleged errors made in connection with granting a writ of attachment. Specifically, White claims that the trial court's order is erroneous because the Does did not meet the requirements of sections 61.001, 61.002, 61.0021, and 61.022 of the Texas Civil Practice and Remedies Code. These statutes establish the requirements for a trial court to grant a writ of attachment and are wholly unrelated to the appointment of a receiver.[1]

As to White's arguments regarding errors related to a writ of attachment, we first note that the record reveals no order granting a writ of attachment. Even if one existed,

---

[1] The trial court's order reflects that the receiver was appointed pursuant to section 64.001 of the Texas Civil Practice and Remedies Code and the trial court's inherent authority. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 64.001.

2

no interlocutory appeal lies from a pretrial writ of attachment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (identifying appealable interlocutory orders); *In re Cantu de Villarreal*, No. 13-08-0040-CV, 2009 Tex. App. LEXIS 2249, at *18 (Tex. App.—Corpus Christi Apr. 2, 2009, orig. proceeding) (mem. op.) (writs of attachment are not appealable orders). Therefore, White's complaints are not properly before us. *See, e.g., Renfro v. Sperry*, 134 S.W.2d 438, 439 (Tex. Civ. App.—Beaumont 1939, no writ) (appellate court cannot consider any matters which do not relate to propriety of order appealed from).

Next, to the extent White is attempting to overturn the trial court's appointment of a receiver, White has made no challenge to the appointment. White has not provided this Court with any argument or authority regarding why the receiver should not have been appointed. Having failed to brief this issue, White has presented nothing for our review. *See* TEX. R. APP. P. 38.1(i). We further note that the record on appeal discloses no written response by White to the Does' request for a receiver, and the hearing transcript reveals no substantive argument opposing the appointment. Therefore, White arguably waived any challenge to the receivership by failing to preserve any complaint in the trial court. *See* TEX. R. APP. P. 33.1(a).

## CONCLUSION

Because White has raised no grounds challenging the trial court's appointment of a receiver, we affirm the order of the trial court.


Judy C. Parker
Justice