## Perkins, et al. v. Madison, et al.

(Decided October 10, 1911.)

### Appeal from Warren Circuit Court.

Roads and Passways—Application to Discontinue—Easement.—It appearing that the deed through which appellee holds his land gave him an easement, or right of way over it, the application of appellants to discontinue the passway was properly dismissed.

BRADBURN & BASHAM for appellants.

WRIGHT & McELROY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellants, S. P. Cooke and J. L. Perkins, own adjacent farms bordering on the Smith Grove and Rocky Hill road in Warren County, Kentucky. This road runs east and west. On the division line between their lands is a road running nearly north and south, and they with others, by petition in the county court sought to have it discontinued. They speak of it in their petition as "a public highway or private pass way." This pass way enters the Smith Grove and Rocky Hill road at the south end and appears to be 114 poles long from the Edmonson County line to that road, and it appears to extend a number of poles beyond the county line between the lands of appellants and those of appellees, Madison and Lowe, and to reach the land of appellee, Paxton. On a trial in the county court, an order was entered discontinuing that portion of the road in Warren County. Madison and Paxton appealed the case to the circuit court, where, upon a trial the application to discontinue the road was dismissed, and Cooke and Perkins appealed to this court.

Appellants introduced themselves and many witnesses in the circuit court showing that the road sought

to be discontinued was rarely used, but that there had been some travel over it for thirty years; that it was of no special benefit to any person, other than appellees, and they had more convenient and nearer ways to all places to which roads might be established under the statutes, and that they used this road but little. Appellants' testimony clearly authorized the court to discontinue the road, provided appellees have a legal right of way out from their lands to the places referred to and are not the owners of an easement in the passway sought to be closed. As to the first proposition, all the testimony tended to show that they had no legal right of way over any land over which they could travel to and from their lands, except the way sought to be discontinued. Their rights to use other passways were merely by permission of the owners. As to the second proposition, it appears that they, especially Paxton, are the owners by purchase of the right of way over appellants' lands from their lands to the Smith Grove and Rocky Hill road. It appears that in 1876 one W. H. Cooke owned and had in possession all the land north of the Smith Grove and Ricky Hill road which abutted on the road sought to be closed, except that owned by appellees, Madison and Paxton, which was then owned by one Kirtley. At that time W. H. Cooke gave Kirtley permission to pass along this road to the Smith Grove and Rocky Hill road. Kirtley died and his lands were divided among his children. The 95 acres now owned by appellee, Paxton, was allotted to Peach Kirtley, who afterwards became the wife of S. P. Cooke. W. H. Cooke died and his lands were divided among his children, and S. P. Cooke is now the owner of that part of W. H. Cooke's land which abutted on the Smith Grove and Rocky Hill road and on that part of the road sought to be discontinued. On November 24, 1903, Peach Cooke sold and conveyed to W. L. Martin, for a valuable consideration, the 95 acres of land which she received in the division of her father's estate, and her husband, S. P. Cooke, joined her in the conveyance, and the deed expressly waived the right of way from the 95 acres to the county road. Martin sold the land to appellee, Paxton, with a like provision in the deed. This was not a personal right given to Martin to use the passway, but was a covenant which runs with the land, and, therefore, appellee, Paxton, has the same right as did

Martin. When the Kirtley lands were divided, Peach Kirtley, who received the 95 acres, was expressly given the passway from her land over the other Kirtley land to the line of Cooke, and the year before this proceeding was commenced, appellees, Madison and Paxton, applied to the county court of Edmonson County and had a passway condemned from where it left their lands to the Warren County line over the lands of Cooke and Perkins, and paid for it, and now Cooke and Perkins are trying to discontinue the right of way from the county line to the Smith Grove and Rocky Hill road, this, however, cannot be done, as the deed from S. P. Cooke and wife to appellee, Paxton, gave him an easement, or right of way over it.

In our opinion, the lower court committed no error in dismissing the application of appellants. Therefore, the judgment is affirmed.