## STUART v. LARRABEE et al. (No. 1771.)

Court of Civil Appeals of Texas. Beaumont.
Feb. 13, 1929.

Rehearing Denied Feb. 27, 1929.

Charles Murphy, of Houston, for appellant.
W. P. Hamblen, of Houston, for appellees.

O'QUINN, J. Appellant was plaintiff in the court below, and A. R. Larrabee and his son, Ray Larrabee, were defendants. We shall refer to them as plaintiff and defendants.

Plaintiff sued defendants asserting ownership of a certain described tract of land, and alleged that the defendants had cut and destroyed his wire fence inclosing said land and had cut down a certain tree growing upon said land, which was of great age and beauty and worth $100, and had removed from his said land a certain cement water trough of the value of $100, and appropriated the same to their own use and benefit. He alleged his damages for the depredations upon and destruction of his said property in the sum of $1,500, for which he prayed judgment. He also alleged a threatened continuation of said invasions of his said property, and prayed for an injunction to restrain defendants from further depredations on his said premises. The petition was duly verified, and the cause was, by order of the court, set down for hear-

ing on June 25, 1927, and was continued over until July 2, 1927.

The defendant A. R. Larrabee answered, disclaiming any right, title, claim, or interest in or to the land described in plaintiff's petition, save only that he had used a certain road over said land in going to and returning from the residence of his son, Ray Larrabee, situated at the back of and adjoining plaintiff's said land, and denied that he was in the possession of a water trough belonging to plaintiff, but said that said trough was his own property.

The defendant Ray Larrabee answered by general demurrer, general denial, and specially as follows:

"And for further answer herein, if required, this defendant says that it is not true as alleged by plaintiff, that said plaintiff is the owner in fee simple and is entitled and in possession of all of the land as described and set out in plaintiff's petition, but said plaintiff is the owner of said land subject to the following right of way which was reserved in the Deed from Ada M. Goodrich and John B. Goodrich to the plaintiff, and which Deed contains the following reservations: 'There is, however, reserved, the right to the free and uninterrupted passage in and along the road fifteen feet in breadth, on the East side of the land herein conveyed, parallel and adjacent to the Menard-Larrabee line from the North side of the county shell road to the South line of the Dan Burns tract, together with the right to free ingress, egress and regress to and for the said Wiley Burns and Dan Burns as the owners, users and occupiers of one and three-fourths acres of land out of the North part of the Ada Menard five acres, and as purchasers from Ida Goodrich, et vir, with their wagons, carriages and vehicles and their stock and cattle as by them it shall be necessary or convenient, at all times and seasons, but said right to use said road is limited solely to said persons as owners and for no other persons or purposes.'

"That this defendant is the owner of twenty-five-one-hundredths (.25) of an acre of land out of the Dan Burns tract, conveyed to this defendant by Rosa Menard and husband, O. J. Menard, by Deed dated November 23, 1926, and that the only outlet, ingress and egress to and from the property so owned by this defendant is over and across said 15 foot right of way mentioned and described in said reservation, and that this defendant has been using said right of way for the purpose of ingress and egress from and to his said land to the public road and said 15 foot right of way is the only outlet from his said land to the public road.

"That in addition thereto, this defendant is the occupier of a tract of one acre of land, more or less, owned by Wiley Burns out of said Ada B. Menard five acre tract, which adjoins the .25/100th of an acre owned by this defendant, as the tenant of said Wiley Burns and Lillian Nelson, and that the only right of way for ingress and egress to and from said property so occupied by this defendant as the tenant of Wiley Burns and Lillian Nelson is over and across said 15 foot right of way hereinabove mentioned and described.

"This defendant says, that under advice of his counsel, he did cut the fence which was erected by the plaintiff across said right of way, the said plaintiff having denied this defendant the right to use said right of way for the purposes of ingress and egress to and from his land and the tract occupied by him, and that this defendant had no other means of ingress and egress to his said property, and it was necessary for him to remove the fence erected by plaintiff in order to get to and from the same. That other than as above stated this defendant did not cut or injure said fence. That no trees were cut by this defendant except such as were necessary for him to use said right of way, and that before cutting said trees this defendant approached the plaintiff and informed him that in order for him (the defendant) to use said right of way it was necessary for him either to cut one or two trees, unless the plaintiff would consent to defendant going around said trees with his wagons and automobiles, which would necessitate this defendant getting off of said 15 foot of right of way and on to the land of the plaintiff, but that the said plaintiff refused the defendant the said right to so go around said trees on to his (plaintiff's) land, whereupon this defendant in order to use said right of way and to get to and from his said land, it was necessary for him to cut and remove one or two small trees.

"This defendant says that said right of way reserved in said Deed, above set forth, is appurtenant to the land owned and occupied by this defendant and that he has the right to use the same free and uninterrupted by said plaintiff.

"And in the alternative, this defendant says, that if it should be found by the Court that he has not the right to use said right of way by virtue of the reservation contained in said deed, hereinabove set forth, then he says that he is entitled to a way of necessity over and across the land of the said plaintiff, for that the said plaintiff is the owner of all of the said Ada B. Menard five acres, save and except the land owned by this defendant and by the land owned by Wiley Burns, and occupied by this defendant, all of which is situated on the North end of said five acres and which has no outlet to any public road except across the land of the said plaintiff, he being a purchaser from Ada B. Menard. That Wiley Burns, whose tenant this defendant is, has purchased this land prior to the purchase of the plaintiff, and that this defendant purchased from Ada M. Goodrich, et vir, the .25 acres owned by him, and that same is entirely enclosed by the land of the plaintiff, and other parties, and has no ingress or egress

to any county or public road, except across said land and this defendant believing that he had the right to use said right of way has continually used the same, and that should it be held that he is not entitled to the right to use the said right of way, then he prays that a way of necessity be granted him across the land of the plaintiff, and this defendant says that said reservation is the most convenient right of way for his use and will interfere less with the use of the plaintiff.

"Defendant alleges that said plaintiff is undertaking to interfere with the free and uninterrupted use of said right of way reserved in said Deed, and that he has fenced the same and placed locks on the same, and has threatened injury to this defendant should he continue to use the same, and has denied this defendant the right to cross said land and is undertaking to enforce said right and will continue to do so unless restrained by your Honor's Most Gracious Writ of Injunction.

"Wherefore this defendant prays that the application of the plaintiff for an injunction be denied, and that a temporary injunction be granted this defendant restraining said plaintiff from interfering with defendant in the free and uninterrupted use of said right of way, or that a way of necessity be granted him, and that said plaintiff be restrained from interfering with this defendant in the use of said way of necessity."

The cause was tried to a jury, but at the conclusion of the evidence offered by plaintiff the court sustained a motion by defendants that there was no issue to be submitted to the jury, and withdrew the case from the jury and found for the defendants, and rendered judgment that plaintiff take nothing by his suit, and enjoined plaintiff from interfering with the defendants in their free and uninterrupted use of the 15-foot right of way along the east side of plaintiff's tract of land, as shown by plaintiff's deed from his vendor, Ada Goodrich. Motion for a new trial was overruled, and the case is before us for review on appeal.

At the request of appellant the court filed findings of fact and conclusions of law. They are:

## "Findings of Fact.

"The plaintiff, Stuart, owns a tract of land of about 145 by 1,200 feet running back North from Clear Lake. The shell road runs along the North bank of Clear Lake on the South Line of the plaintiff and his neighbors on either side of him. The defendant, A. R. Larrabee, owns a tract adjoining Stuart's tract on the East which has an approximate frontage of 400 feet and runs back 1,800 feet. Immediately North of Stuart's land are two small tracts, one of which was deeded by Mrs. Goodrich, Stuart's vendor, to Wiley Burns, and another deeded by her to Dan Burns. These latter tracts lie next to A. R. Larrabee's West line, and were owned by the Burns at the time Mrs. Goodrich conveyed to the Plaintiff Stuart.

"Stuart's deed from Mrs. Goodrich contains a reservation in the following language: 'There is, however, reserved the right to the free and uninterrupted passage in and along the road fifteen feet in breadth on the East side of the land herein conveyed parallel and adjacent to the Menard, Larrabee line from the North side of the County Road and the South line of the Dan Burns' tract, together with the right to free ingress, egress and regress, to and for the said Wiley Burns and Dan Burns, as the owners, users and buyers of 1¾ acres of land out of the North of the A. D. Menard five acres, and as purchaser from Ada Goodrich, with wagons, carriages and vehicles, and their stock and cattle, as by them shall become necessary at all times and seasonable, but said right to use said right of way and said road is limited to said persons, as owners, and for no other persons, or purposes.'

"Ada Goodrich was formerly Ada Menard.

"The County highway follows the North shore of the lake at the South end of the properties of A. R. Larrabee and plaintiff Stuart and is the only present outlet of the property to the Burns; and the road or right of way in question is the nearest and most convenient one leading to the county road. The only other road near it is a private road which does not come to, nor touch, any of the lands of the Larrabees, Stuart or Burns.

"At the time of the occurrence made the basis of this suit, defendant Ray Larrabee, son of A. R. Larrabee, lived on the Wiley Burns tract, and at the time of the trial, and the evidence shows, inferentially at least, that he owned it.

"When plaintiff fenced his land on the South side and the East side he placed wire gates twelve feet wide on the land and across the 15-ft. right of way, one of which gates was at the East end of the South line and the other one at the East end of the North line. These were provided with locks, and plaintiff gave a key to each of the locks to Wiley Burns, who, at the time, did not live on the property. The gate next to the Burns property was cut by Ray Larrabee, and the one on the South line was cut by him assisted by his father, A. R. Larrabee. There was an interval of several days between the cutting of these gates. There were two trees cut by the defendant Ray Larrabee on the fifteen feet strip. These gates and these trees prevented the free and uninterrupted passage in and along the right of way.

"Defendant Ray Larrabee sought permission from plaintiff to pass around the trees and to go outside of the 15-foot strip, which was refused.

"Some time prior to 1925, defendant A. R. Larabee and a man named Stearns who owned land immediately West of the plaintiff procured permission from the owner of the land

to build a concrete trough to water their cattle. After Stuart bought the land, defendant A. R. Larrabee removed the trough. This trough was never a part of the realty.

"Some time after the cutting of the gates and the trees and while the right of way was open for the occupants of the Burns' property, some one cut the fence between the plaintiff and the defendant A. R. Larrabee. There is no sufficient evidence to show that either of the defendants cut these fences. The Burns, as vendees of Mrs. Goodrich, and their tenants, were entitled to, and had acquired, a way of necessity over the land sold to plaintiff.

#### "Conclusions of Law.

"The reservation in the deed from Mrs. Goodrich to plaintiff was a covenant running with the land reserved by the grantor in the deed to her previous grantees, and herself to the Burns, their families and tenants and to their vendees, one of whom is the defendant Ray Larrabee. The defendant Ray Larrabee had a right to cut the gates and the trees, and to remove the trees, and no cause of action is maintainable against him and A. R. Larrabee therefor."

There is also in the record a complete statement of facts agreed to by the parties and approved by the court, which fully supports the court's findings. Appellant has nowhere questioned their correctness. We adopt the court's findings and will make such further findings as we may deem necessary.

By several assignments of error appellant has challenged the action of the court in withdrawing the case from the jury, contending that the evidence raised issues of fact that should have been submitted to the jury. The controlling facts are without dispute. The case, as we view it, must be determined by the correct construction of the right of way clause or reservation in appellant's deed pleaded by defendant Ray Larrabee. It being unambiguous, its construction was for the court, and, the facts being without dispute, there was nothing to submit to the jury.

The easement, right of way, or road provision or reservation in appellant's deed and pleaded by defendant Ray Larrabee is set out in the court's findings, supra. Appellant contends that this right was an easement in gross personal to Wiley and Dan Burns, and that no other person had the right to use said road, and that as neither of said persons were using said road, he had the right to fence up and close same. Appellees contend that the right to use said road or right of way was not a personal covenant, but was an easement appurtenant to the said lands of Wiley and Dan Burns, and ran with the land.

A right of way is either in gross or appurtenant. The first is attached to and vests in the person to whom it is granted. The second is an incident to an estate, one terminus of which is the land or tenement of the party claiming it. It inheres in the land, concerns the premises, and pertains to its enjoyment and passes with it. Alley v. Carleton, 29 Tex. 74, 94 Am. Dec. 260. Easements in gross are not favored, and an easement will never be presumed to be a mere personal right when it can be fairly construed to be appurtenant to some other estate. Whether an easement is in gross or appurtenant must be determined by the fair interpretation of the grant or reservation creating the easement, aided, if necessary, by the situation of the property and the surrounding circumstances. 19 C. J. 868.

The following rough sketch shows the premises in controversy, together with the surrounding tracts:

The undisputed facts are:

Each of the tracts shown on the sketch was a part of the A. H. Menard homestead. The Menard land was cut up into small tracts and sold off to different parties, some of which are shown in the above sketch. Ada Goodrich was a daughter of A. H. Menard. The portion marked "Ada Goodrich (E. B Stuart)" was deeded to her by her father. Mrs. A. R. Larrabee was also a daughter of A. H. Menard, and the tract marked "Virginia

Larrabee" was deeded to her by her father. The Stearns tract borders Stuart's tract on the west, and was a part of the Menard homestead tract. Appellee A. R. Larrabee resides on the tract marked in his name east of his wife's tract. The Roderick tract was sold by Menard and lies immediately on the north of these other tracts. Ada Goodrich sold two small tracts off of the north end of her tract, one to Wiley Burns and the other to Dan Burns. In her deed to appellant she reserves for the use of Wiley and Dan Burns the 15-foot road shown on the sketch leading from the county shell road on the south to the Dan Burns south line. There is no other way to reach the county shell road from the two Burns tracts than by this 15-foot road. It had been used by them for this purpose before Ada Goodrich sold the remainder of her tract to appellants. This right to them as owners and occupiers of the land sold by Ada Goodrich was preserved to them in her deed to appellant. Defendant Ray Larrabee purchased a portion (if not all) of the Dan Burns tract, and occupied the Wiley Burns tract as a tenant of Burns. Appellant erected a wire fence on the east line of his tract between his land and the tract marked "Virginia Larrabee," and also on the south line of the Dan Burns and on the south of his tract along the county shell road. He put wire gates at the entrance to the 15-foot road at the Dan Burnses, and at the south end of said road opening into the county shell road, and locked said gates and gave Wiley Burns a key to the gates and told him he could use the road through the gates, but that no other person could. These gates closed the only egress and ingress that existed to the Burns tracts of land, and prevented any one occupying said tracts from reaching the county shell road. Ray Larrabee requested the permission of appellant to go out of the 15-foot road to avoid two trees that stood on said 15-foot strip, which was refused. Ray Larrabee then cut down the two trees and cut the two wire gates that obstructed the road, this upon advice of counsel. The wire fence on the east line of appellant's land was also cut in many places, but there is no proof of any character showing who did this cutting. Ray Larrabee testified that he did not cut this wire, but that he did cut the wire gates and the trees because they obstructed the free use of the road. The proof was positive and undisputed that the water trough for which appellant sued was not the property of appellant, but that same belonged to appellee A. R. Larrabee.

The court did not err in his conclusion of law that the reservation in the deed from Ada Goodrich to plaintiff was an easement appurtenant to the Burns lands and ran with said lands. In determining the scope of the grant, we should consider, not only the terms of the grant itself, but the nature of the right and the surrounding circumstances.

Ada Goodrich sold Wiley and Dan Burns each a portion of her tract. She recognized that the land so sold by her was so situated that a way over the remainder of her tract was necessary for her vendees to reach the county shell road. In selling the remainder of her tract to appellant, she reserved this right to her said vendees as owners of a portion of her former tracts, and as necessary to their reasonable enjoyment of said sold portions, by writing into appellant's deed the easement in question. The right to use the 15-foot road being in connection with the land and for the benefit of the estate of her said vendees, the easement could not be in gross, as contended by appellant but was and is appurtenant thereto and ran with the land, to the benefit of appellee Ray Larrabee, a subsequent vendee of appellant's vendor, Dan Burns, and as tenant of Wiley Burns, a vendee of appellant's vendor. Perkins v. Madison, 144 Ky. 718, 139 S. W. 967; Chase v. Cram, 39 R. I. 83, 97 A. 481, L. R. A. 1918F, 444; Railway v. Bays (Ky.) 102 S. W. 302; Myers v. Berven, 166 Cal. 484, 137 P. 260; McCoy v. Railway, 176 Iowa, 139, 155 N. W. 995; Cassens v. Meyer, 154 Iowa, 187, 134 N. W. 543; Lathrop v. Elsner, 93 Mich. 599, 53 N. W. 791; Goldstein v. Raskin, 271 Ill. 249, 111 N. E. 91; Hammonds v. Eads, 146 Ky. 162, 142 S. W. 379; Schmidt v. Brown, 226 Ill. 590, 80 N. E. 1071, 11 L. R. A. (N. S.) 457, 117 Am. St. Rep. 261; Blanchard v. Maxson, 84 Conn. 429, 80 A. 206.

Moreover, as the land sold by Ada Goodrich to Wiley and Dan Burns was so situated that her vendees could not reach the public highway, the county shell road, except by traveling over the remaining lands of Ada Goodrich or lands of strangers, then said vendees, Wiley and Dan Burns, had a right of way over the remaining land of their vendor, Ada Goodrich, by necessity, and as appellant succeeded to the ownership of said Ada Goodrich's land, the way of necessity, existed against him in favor of Wiley and Dan Burns and their tenants or assigns. Holman v. Patterson, 34 Tex. Civ. App. 344, 78 S. W. 989 (writ refused); Alley v. Carleton, 29 Tex. 74, 94 Am. Dec. 260; 19 C. J. 923, § 117; 9 R. C. L. 768, § 31.

As appellee Ray Larrabee was entitled to the free and unobstructed use of the road, he was not liable to appellant for damages for cutting and removing the gates placed across said road by appellant, nor for the value of the two trees cut from said 15-foot road, which prevented him from using same. They constituted a nuisance, which he had the right to remove. 19 C. J. 988, § 244; 9 R. C. L. 801, § 57; O'Brien v. Murphy, 189 Mass. 353, 75 N. E. 700; Schmidt v. Brown, 226 Ill. 590, 80 N. E. 1071, 11 L. R. A. (N. S.) 457, 117 Am. St. Rep. 261; Blanchard v. Maxson, 84 Conn. 429, 80 A. 206. The undisputed evidence shows that appellee, in cutting the gates and trees, did no other injury to appel-

lant's premises. He was not connected with the cutting of the wire on the east line of fence.

From what we have said, it follows that the judgment should be affirmed, and it is so ordered.

Affirmed.