**N. C. GINTHER, Appellant,**

v.

**Edwin Sinclair BAMMEL et al., Appellees.**

**No. 3717.**

Court of Civil Appeals of Texas.

Waco.

May 26, 1960.

Carl C. Patrick, Houston, for appellant.

Stovall & O'Bryant, Presley E. Werlein, Jr., Houston, for appellees.

McDONALD, Chief Justice.

This is a suit for declaratory judgment to determine the distribution of the proceeds from the sale of a 40 foot roadway comprising 4.11 acres of land, amounting to $24,666. Parties will be referred to as in the Trial Court. Plaintiff (appellant) Ginther asserted claim on the theory that the road was especially created in his chain of title as a private easement and as part of the consideration for the adjacent property being purchased under the deed of conveyance in which the road was created. Defendants (appellees) Bammel, et al., asserted claim to one-half of said proceeds on the theory that a reservation of an easement was made by his predecessors in title that would inure to the benefit of appellees' land on an equal basis with that of appellant.

The road lies between tracts owned by appellant and appellees. Trial was before the court without a jury, which, after hearing, (the evidence being solely documentary) entered judgment that plaintiff Ginther, and defendants Bammel, et al., share equally in the proceeds.

The Trial Court found as facts the agreed stipulation as to facts pertinent to which are:

## Findings of Fact

Schematic Diagram

Buffalo Bayou

Schneider Original 258.24 Ac

Ginther 10 Ac 23 Feb 1933

40 Ft Road

Bammel 198.24 Ac 23 May 1932

Ginther 50 Ac 19 Mar 1932

Westheimer Road

1) Prior to 19 March, 1932, Mrs. Kate Schneider, et al., owned a *258.24* acre tract in the Bellows Survey of Harris County.

2) By deed 19 March, 1932, Mrs. Schneider, et al., conveyed 50 acres out of the SW corner to Samuel J. Person.

3) By deed 23 Feb. 1933, Mrs. Schneider, et al., conveyed 10 acres just north of the 50 acres to Samuel J. Person.

4) On 6 Feb. 1952, Samuel J. Person conveyed the 2 tracts acquired by him to N. C. Ginther (plaintiff herein).

5) On 23 May, 1933, Mrs. Schneider, et al., conveyed the remainder, being 198.24 acres, to J. A. Bammel.

6) After the sale of the 198.24 acres to Bammel, Mrs. Schneider and her family owned no remaining land in the 258.24 acres.

7) Ginther sold his 60 acres to Philips in December, 1958.

8) Bammel, et al., sold their 198.24 acres to Philips in January, 1959.

9) The schematic diagram above shows the exact relationship of the whole tract of 250.94 acres, the 50 acres, the 10 acres, and the 198.24 acres, and the 40 foot road which is subject to this cause of action.

10) Both plaintiff and defendants have sold all their interest in the land to R. L. Philips, and plaintiff Ginther included in his deed all of the 40 foot road; defendants Bammel et al., included in their deed to R. L. Philips the east ½ of the 40 foot road.

11) Plaintiff Ginther claims he owned all of the 40 foot road;

12) Defendants Bammel, et al., claim they owned the east ½ of the 40 foot road.

13) That the 40 foot road is not within a city and has never been maintained by any governmental agency; and has never been used by the public; that Mrs. Schneider and her family used the road after the sale of the 60 acres to Person; and Person used the road after his purchase; that plaintiff and defendants and their predecessors and successors have used the road continuously since same was opened; that in 1933 Ginther bought a new gate for closing the entrance from the public and requested and received from Bammel, et al., ½ of the cost thereof; and neither plaintiff nor defendants have ever denied the other the right to use such road.

## Conclusions of Law

The road was not dedicated to the public, but was permanently retained and reserved for use of plaintiff's and defendants' predecessors in title and for their heirs and assigns and their families, employees and visitors, was an easement appurtenant to the property adjacent to said easement and

was for the benefit of all parties owning and thereafter owning property adjacent to said roadway, and when the original grantors parted with all title to the lands affected thereby, and the title to lands on both sides of said easement was conveyed to one ownership, the adjacent grantors each conveyed to the center of the road and the consideration therefor ($24,666.) belongs to plaintiff and defendants in equal amounts.

Plaintiff Ginther appeals, asserting that he owned the entire road and was entitled to all of the $24,666 paid therefor, and contends: 1) The Trial Court erred in concluding that the road was an easement appurtenant to the property adjacent thereto and was for the benefit of *all* parties owning or thereafter owning property adjacent to said road, such error being occasioned by the fact that the deed creating the road as an easement was exclusive in appellant's chain of title and the reservation contained therein for the use of the road by the predecessors in title was by operation of law an easement in gross as distinguished from an easement appurtenant; 2) The Trial Court erred in placing a liberal construction of the reservation in question in so far as the grantor was concerned and a strict construction as against the grantee in the deed from Schneider to Person.

The record reflects that Mrs. Schneider, et al., who owned the 258.24 acre tract shown in the schematic diagram, in March 1932 and February 1933 by identical deeds conveyed the 10 and 50 acre tracts on the southwest to Samuel J. Person (predecessor in title to plaintiff Ginther). At the time of the 2 conveyances to Person, the 40 foot road was in existence on the ground. The deeds to Person conveyed by metes and bounds the 10 and 50 acres up to the west line of the 40 foot road, making the west line of such 40 foot road the east boundary of the tracts conveyed. Such deeds then specifically provided:

"It is understood and agreed by the sellers that said 40 foot road along the east side of the (10 and 50) acre tract of land herein conveyed shall be permanently left open over its whole length *for the free use of the buyer and sellers and their heirs and assigns, and their families, employees and visitors, a permanent easement being hereby granted over the same for such use,* subject to the right of sellers to maintain on the same at the intersection of Westheimer Road a proper unlocked gate, until such road is dedicated to the public, and the grantors hereby expressly give and grant an easement of said 40 foot road for such travel, and further agree and bind themselves to in writing fully dedicate the same to the public at any time requested by the grantee, unless, before such dedication, the grantors and grantee herein should otherwise by written agreement make other provisions; this agreement on the part of the grantors being part of the consideration to and obligation of the grantors hereunder."

The record further reflects that in May, 1933, the Schneiders, by deed conveyed the remaining 198.24 acres to defendant Bammel. Such deed conveyed to the east line of the 40 foot roadway and made the east line of such 40 foot road the west line of the property conveyed for its length. Such deed contained an habendum clause, providing "all and singular the rights and appurtenances thereto in anywise belonging" be included in said deed.

■ It seems clear to us that the recital of the deeds from the Schneiders to Person to the 10 and 50 acre tracts, was to convey to Person the 60 acres, *plus* an easement or a right to use the 40 foot road. Such right extended to Person's *heirs, assigns, families, employees and visitors.* Such deeds clearly and specifically *reserved* to the *sellers* and to the *buyer's heirs, assigns, families, employees, and visitors,* the right to likewise use the 40 foot road.

Under the clear provisions and recitals of the deeds to Person, Person's assignee, Ginther, is precluded from claiming the 40 foot road in fee. See: City of Dallas v. Leake, CCA, W/E Ref., n. r. e., 300 S.W.2d 135, 26 C.J.S. Deeds § 13, p. 600; Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626; Wright v. Cherry, Tex.Civ. App., 284 S.W.2d 273, no writ hist.; Gulf Coast Water Co. v. Hamman Expl. Co., 160 S.W.2d 92, CCA, W/E Ref.

While we think there can be no question as to the intention of the grantor, Schneider, to convey an easement; and to retain an easement appurtenant to the lands retained; it is the rule that an easement is never presumed to be in gross, when it can fairly be construed to be appurtenant. See: 28 C.J.S. Easements § 4, pp. 636, 638.

Since the 40 foot road was appurtenant to both the tract owned by Ginther and the tract owned by Bammel, plaintiff Ginther could by no conceivable rule of law own the fee of the entire roadway.

A deed to land adjoining a road or way passes the fee to the center of the easement, even though it was not specifically mentioned, and whether the way is public or private. 7 Tex.Jur. p. 131; Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391; Texas Bitulithic Co. v. Warwick, Tex.Com.App., 293 S.W. 160.

The deed from Bammel to his property passed title to Philips to the center of the road; and the deed from Ginther did likewise. Plaintiff and defendants are therefore entitled to ½ of the consideration for the 40 foot roadway, which was the judgment of the Trial Court.

Appellant Ginther's points are overruled, and the judgment of the Trial Court is affirmed.

Affirmed.