**H. H. STORMS and wife, Julia Storms, Appellants,**

v.

**Grady TUCK, Jr., Tyson Smith, Roland Walters, and Luther Graham, Appellees.**

**No. 5822.**

Court of Civil Appeals of Texas, Waco.

March 30, 1978.

Rehearing Denied May 4, 1978.

Joe Mike Egan, Jr., Kerrville, for appellants.

Joe Grady Tuck, Richard C. Mosty, Kerrville, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Storms and wife from judgment decreeing defendants Tuck, et al, vested easement rights of ingress and egress across plaintiffs' lands, and denying plaintiffs' petition for injunction against defendants.

Plaintiffs Storms sued defendants, Tuck, et al alleging plaintiffs own a described 50 foot strip of land extending from the Bandera Highway to and along the side of a 10 acre tract conveyed by plaintiffs to Ruth Mills December 21, 1976; that plaintiffs also conveyed Mrs. Mills a roadway easement over the 50 foot tract December 21, 1976, which was incident to the 10 acre tract; that on February 16, 1977 Mrs. Mills attempted to convey defendants an easement over the 50 foot tract, but such instrument conveyed nothing because easement over the 50 foot roadway could only be conveyed as a part of the 10 acre tract.

Plaintiffs sought judgment enjoining defendants from using the 50 foot roadway, and cancellation of cloud on plaintiffs' title to such 50 foot roadway.

A schematic diagram follows:

Trial was before the court. Plaintiffs Storms owned 848 acres of land; on December 21, 1976 they sold and conveyed 10 acres on which their home was situated to Ruth Mills; on the same date by separate instrument they "GRANTED, CONVEYED,

and by these presents do GRANT and CONVEY unto the said Ruth Mills * * her heirs and assigns, the free and uninterrupted use, liberty, privilege and easement of passing in, on, upon and along a certain way" (the 50 foot right of way A to B on schematic diagram) "together with free ingress and egress and regress to and for the said Ruth Mills, her heirs

and assigns, and her tenants, by foot, with carts, wagons, carriages, automobiles and other vehicles, horses, mules or livestock, as by her shall be necessary or convenient at all times and seasons forever, in, along, upon and out of said way; TO HAVE AND TO HOLD all and singular the rights and privileges as aforesaid unto her, the said Ruth Mills, her heirs and assigns, to her proper use and behalf, in common however, with Grantors herein H. H. Storms and wife Julia Storms, their heirs and assigns".

On February 16, 1977 Mrs. Mills sold and conveyed the house and 9.24 acres of the 10

acres to Mr. and Mrs. Teal, together with "all her right title and interest in and to one certain easement" conveyed from the Storms to her on December 21, 1976.

And on February 16, 1977 Mrs. Mills sold and conveyed to Grady Tuck, Jr., et al, a described 50 foot strip off the south side of the 10 acre tract containing .76 acre, and "an undivided interest in and to that one certain easement" conveyed from the Storms to her on December 21, 1976.

After purchase of the .76 acre defendants Tuck, et al brought in road building equipment and proceeded to turn the .76 acre tract into a road, and also improved some of the Storms' easement road. While defendants' employees were building the road on the .76 acre tract and improving the easement roadway, plaintiff Storms watched and observed and permitted improvements to his property in the removal of a tree and the building of a cattle ramp against the easement road. There is evidence plaintiffs received assistance from the County in maintaining the easement road. There is evidence defendants spent nearly $6000. on the .76 acre and adjoining easement road.

The trial court rendered judgment decreeing defendants Tuck, et al, vested easement rights of ingress and egress across plaintiffs' lands (A–B on the schematic diagram) and denied plaintiffs' petition for injunction.

Plaintiffs appeal on 3 points:

1) The trial court erred in holding defendants have a valid easement to reach their .76 acre tract.

2) The trial court erred in holding defendants have a valid easement to continue beyond the .76 acre tract to reach lands owned by them adjacent to the .76 acre tract.

3) The trial court erred in denying their action to quiet title and for injunction against defendants' use of the purported easement.

Plaintiffs on December 21, 1976 conveyed Ruth Mills a 10 acre tract and on the same date by separate instrument conveyed to her a broad easement over an existing 50 foot roadway (A–B on the schematic diagram). The trial court found that the granted easement was appurtenant to the 10 acre tract. See *Stuart v. Larrabee*, (Beaumont) NRE, Tex.Civ.App., 14 S.W.2d 316.

■ Plaintiffs contend the easement was appurtenant to the 10 acre tract which contained a house, and when the .76 acre tract was severed from the 10 acre tract without a house, that under *Adams v. Rowles*, 149 Tex. 52, 228 S.W.2d 849, the easement as pertained to the .76 acre was extinguished. We believe the easement appurtenant was for the entire 10 acres and for any portion thereof.

Plaintiffs further contend that even if defendants have a valid easement to reach the .76 acre tract, that they do not have valid easement to go on to adjacent lands owned by them, citing *Bickler v. Bickler*, Tex., 403 S.W.2d 354 as dispositive.[1]

Here plaintiffs knew of, acquired, and cooperated in the building of the road on defendants' .76 acre; had knowledge defendants had expended considerable money on the roadway, and requested defendants' workmen to build them a cattle ramp, remove a tree, and do other work on their property and the easement, all at the expense of defendants. Prior thereto plaintiffs had been provided work on the easement by the County. Defendants have spent nearly $6000. in building the roadway on their .76 acre, and in improving the roadway on the balance of the easement.

■■ The doctrine of estoppel in pais applies when the owner of the servient estate, as here, allows the owner of the dominant estate to spend money on the servient tract. *Drye v. Eagle Rock Ranch, Inc.*, Tex., 364 S.W.2d 196, 210; See also: *Coleman v. Forister*, Tex., 514 S.W.2d 899, 904; *Harris v.*

---

1.  *Bickler v. Bickler* holds that right-of-way easements appurtenant to a dominant estate can only be used for the purpose of that estate; that the easements' use is limited to the dominant estate; and cannot be used to reach other lands of the grantee.

*Rabe,* (Waco) NWH, Tex.Civ.App., 375 S.W.2d 919, 922. And the purpose of estoppel is to prevent injustice to and protect persons who have been misled. *Roberts v. Haltom City,* Tex., 543 S.W.2d 75, 80.

■ Under the record plaintiffs are estopped to deny their consent to defendants the use of their .76 acre tract in whatever manner defendants desire, and are estopped to deny defendants' use of the easement right-of-way to reach such .76 acre tract as well as adjacent lands owned by them.

The trial court was authorized to deny plaintiffs the relief they sought.

All plaintiffs' points are overruled.

AFFIRMED.