Frank M. McWHORTER, and Wife, Cherry M. McWhorter, Appellants,

v.

The CITY OF JACKSONVILLE, Texas, and the Trustees of the United Pentecostal Church of Jacksonville, Texas, Appellees.

No. 12–83–159–CV.

Court of Appeals of Texas, Tyler.

May 30, 1985.

R.W. Richards, Jacksonville, for appellants.

Emerson Stone, Stone & Stone, John Robert Adamson, Adamson & Phifer, Jacksonville, for appellees.

McKAY, Justice.

This is an appeal from a declaratory judgment as to the owner of certain easement rights of real property bordering Lake Jacksonville in Cherokee County, Texas.

On January 1, 1956, R.B. Johnson was the owner of a tract of land situated in Cherokee County, Texas, a portion of which the city of Jacksonville sought to acquire for the purpose of installing a lake, now known as Lake Jacksonville. Johnson sold a tract (Tract A) to the city, retaining an easement over this tract so that he could travel from his remaining property (Tract B) to the edge of the soon to be built lake. The deed contained the following language:

*Grantors shall have the right of ingress and egress across Third Tract above described which easement of ingress and egress shall not prevent the Grantee herein from leasing said land or a portion thereof for concession purposes (includ-*ing boat docks); *nor shall said easement prevent the Grantee from using said land or a portion thereof for park or recreational purposes; nor shall said easement prevent the Grantee herein from using said land or a portion thereof for the construction of Gum Creek Dam and its appurtenances according to the* SPECIFICATIONS AND CONTRACT DOCUMENTS FOR GUM CREEK DAM FOR THE CITY OF JACKSONVILLE, TEXAS, PROJECT NO. 590–A, *which includes the right on behalf of Grantee to use the soil, rock and so forth in said construction work. Grantee, by the acceptance of this deed as to Third Tract hereby covenants that its usages of Third Tract shall never be so extensive as to preclude Grantors, their heirs and assigns, the right of ingress and egress to the lake as it fronts on the property above described, although said right of ingress and egress is limited by the uses herein stated.* (Emphasis ours.)

On October 20, 1967, Johnson conveyed the remainder of his property, Tract B, to Murray Townley. The deed was recorded on October 27, 1967. On June 1, 1968, Townley sold Tract B to Jimmye Payne, and recorded the conveyance on June 7, 1968. On June 26, 1968, Payne attempted to acquire the above-mentioned easement rights over Tract A from Johnson by an instrument which was not recorded until November 16, 1981. On August 10, 1970, Payne conveyed Tract B to Robert Coleman. This deed was recorded on August 19, 1970. On May 19, 1971, Coleman conveyed Tract B to Jesse Barton, which deed was recorded May 26, 1971. On February 28, 1973, Payne then attempted to transfer the easement rights over Tract A to the trustees of the United Pentecostal Church of Jacksonville, Texas, appellees herein, and this instrument was recorded March 22, 1973. On July 22, 1980, Barton transferred Tract B to appellants. This deed was recorded July 31, 1980.

In 1982, the city of Jacksonville, appellee, filed suit for declaratory judgment to determine whether or not appellants owned

the easement rights over Tract A or whether appellee, the church, owned these easement rights.

The trial court found that the church was the owner of the easement rights, and appellants perfected this appeal.

Appellants bring two points of error contending the trial court erred in not holding that appellants were the owners of the easement rights and by adjudging all costs of court against the appellants. The sole question that we must address is whether the rights in dispute were an easement in gross or an easement appurtenant.

An easement in gross is attached to and vests in the person or individual to whom it is granted. In other words, should the rights in question be an easement in gross, this easement would be personal to R.B. Johnson, and him only. *Stuart v. Larrabee*, 14 S.W.2d 316, 319 (Tex.Civ.App.—Beaumont 1929, writ ref'd). Furthermore, easements in gross ordinarily are not transferrable or assignable. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 203 (Tex.1962). It is the rule that an easement in gross is not favored, and an easement is never presumed to be in gross, or a personal right, when it can be fairly construed to be appurtenant or attached to some other estate. *Ginther v. Bammel*, 336 S.W.2d 759, 763 (Tex.Civ.App.—Waco 1960, no writ); *Stuart v. Larrabee, supra* at 319. Whether an easement is in gross or appurtenant must be determined by a fair interpretation of the grant or reservation creating the easement, aided if necessary, by the situation of the property and surrounding circumstances. *Stuart v. Larrabee, supra* at 319. From the language in the deed recited above, we believe that the express reservation of rights by Johnson classifies the easement as appurtenant rather than in gross. Easements appurtenant can be further distinguished from implied easements appurtenant; however, the facts do not raise that issue here.

For there to be an easement appurtenant, either expressed in writing, as here, or implied, there must be a dominant estate and a servient estate. From the record we find that Tract A, which was conveyed to the city, is the servient estate to Tract B, which was retained by Johnson as the dominant estate. Furthermore, an easement appurtenant generally takes the form of a negative easement, that is, the owner of the servient estate may not interfere with the right of the owner of the dominant estate to use that servient estate for purposes of the easement. *Drye, supra* at 207. Such negative language is included in the deed from Johnson to the City of Jacksonville.

An easement appurtenant attaches to the land or dominant estate and passes with it. *First National Bank of Amarillo v. Amarillo National Bank*, 531 S.W.2d 905, 906 (Tex.Civ.App.—Amarillo 1975, no writ); and *Hidalgo and Cameron Counties Water Control and Improvement District No. 9 v. Maverick County Water Control & Improvement District No. 1*, 349 S.W.2d 768, 772 (Tex.Civ.App.—San Antonio 1961, writ dism'd). Therefore, an easement appurtenant would pass to a subsequent grantee with the passage of title of the dominant estate. Accordingly, Payne did not need to secure an additional deed to acquire the easement. However, since Payne had already conveyed Tract B to Coleman, his attempt to convey the easement to the church would fail since he could not grant an easement over land which he no longer owned. *Drye, supra* at 202. Generally, where property has been conveyed by the owner, a subsequent conveyance transfers no title. *Cox v. Gutman*, 575 S.W.2d 661 (Tex.Civ.App. El Paso 1978, writ ref'd n.r.e.); and *Collum v. Neuhoff*, 507 S.W.2d 920 (Tex.Civ.App.—Dallas 1974, no writ). TEX.PROP.CODE ANN. Section 5.003 (Vernon 1984).

We hold that the rights in question constituted an easement appurtenant and attached as a part of the dominant estate, or Tract B, and passed by conveyance through the chain of title to appellants. Accordingly, the judgment of the trial court is re-

versed, and judgment is here rendered for appellants.

Costs are assessed against appellees.