Carl WALCHSHAUSER, Appellant,

v.

Glen HYDE and Hyde–Way, Inc., Appellees.

No. 2–93–268–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 6, 1994.

Rehearing Overruled Jan. 31, 1995.

Richard H. Kelsey, P.C., Denton, for appellant.

Kelly, Hart & Hallman, P.C., E. Glen Johnson, Fort Worth, for appellees.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

Carl Walchshauser appeals from a declaratory judgment that he does not have an easement appurtenant for ingress and egress across property belonging to Glen Hyde and Hyde–Way, Inc., the appellees, from a hangar located on property owned by him adjacent to an airport taxiway and runway. He asserts in three points of error that the trial court erred in denying him the ownership of such an easement because the existence of the easement was established as a matter of law; by failing to award him a permanent injunction enjoining the appellees from interfering with his rights of ingress and egress; and that he is entitled to stipulated attorney's fees in the event this cause is reversed.

We reverse the trial court's judgment and render judgment that Walchshauser does have the easement right claimed because the easement is an easement appurtenant that runs with the land. We remand the issues concerning whether Walchshauser is entitled to a permanent injunction, or the award of his attorney's fees, for further proceedings consistent with this opinion because the trial court's opinion on those issues was based upon the assumption that the easement in question was an easement in gross, rather than an easement appurtenant.

As previously noted, Walchshauser contends in his points of error numbers one and two that the trial court erred by denying his ownership of the easement appurtenant previously described in this opinion and by failing to award him a permanent injunction preventing the appellees from interfering with his right of ingress and egress because his easement rights are established as a matter of law.

Walchshauser purchased his land containing the hangar from Lincoln Financial, Inc. His written contract of sale with Lincoln specified that the hangar building must have guaranteed access to the runway. Previously, Lincoln had obtained a default judgment against the appellees awarding it an ingress and egress easement from the Lincoln property to the Hyde property. The judgment provided that the easement "shall run with the land and this judgment shall have the same force and effect as a fully warranted grant or conveyance of such easement." The deed from Lincoln to Walchshauser did not specifically describe the easement, but conveyed any "appurtenances thereto in anywise belonging."

■ The appellees contend that the easement obtained by Lincoln was a nonassignable easement in gross, not an easement appurtenant. They argue that due to the failure of the default judgment in their suit with Lincoln to describe Walchshauser's property, the easement, if it does run with the land, runs only to the land owned by them, not to the land owned by Walchshauser.

An easement in gross is one that is attached to, and vests in, the person to whom it is granted, there being no dominant tenement. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 203 (Tex.1962); 31A Tex.Jur.3d *Easements and Licenses in Real Property* § 10 (1994). Where the court can fairly construe an easement to be appurtenant to some other estate, an easement in gross will never be presumed because easements in gross are not favored. *Stuart v. Larrabee*, 14 S.W.2d 316 (Tex.Civ.App.—Beaumont 1929, writ ref'd).

In this case there is a dominant tenement, the tract purchased by Walchshauser from Lincoln. While Walchshauser's land is not described in the default judgment, testimony at trial shows that it is adjacent to the appellees' land and that there is no gap between the Walchshauser land and the appellees' land, when the easement granted by the Lincoln default judgment is considered. The evidence shows that the easement was obtained by Lincoln for the purpose of closing that gap. We therefore hold as a matter of law that the easement purchased from Lincoln by Walchshauser is an easement appurtenant.

The appellees' argument that the easement is an easement in gross, rather than an easement appurtenant, is based in part upon their assertion that there is no legal description of the land over which the easement runs because the default judgment that granted the easement referred to the property description as that described on the attached exhibit "A," and there is no exhibit "A" attached to the default judgment. Although there is no exhibit "A" attached to the default judgment, there is a property description, and only one property description, with the default judgment in the court records. The property described is property that closes the gap between the appellees' airport property and the property that Walchshauser purchased from Lincoln. We hold that under those circumstances the only conclusion that can be drawn is that the property description with the default judgment is the exhibit "A" referred to by the default judgment even though it does not bear that notation on its face. Consequently, we conclude that the default judgment does contain a legal description of the land subject to the easement that was granted to Lincoln.

The appellees assert that the easement is not appurtenant because the conveyance in the default judgment does not refer to the land Walchshauser purchased from Lincoln, the property that we have determined to be the dominant estate. Their assertion is that this constitutes an absence of a dominant estate, thereby establishing that the easement is in gross rather than appurtenant.

As the appellees note in their brief, whether an easement is in gross or appurtenant must be determined by the fair interpretation of the grant or reservation creating the easement, aided, if necessary, by the situation of the property and the surrounding circumstances. *Stuart*, 14 S.W.2d at 319. The default judgment granting the easement to Lincoln states that the easement shall run with the land. As we have noted, when the surrounding circumstances are considered, it is evident that the land purchased by Walchshauser from Lincoln is intended to be the dominant estate. The appellees would have us not consider the circumstances of the parties contained in this record but not included in the record of the proceeding in which Lincoln obtained the default judgment. The appellees have not referred us to any authority that would require us to limit our inquiry in that manner when determining the character of the easement awarded in the default judgment, and we are not aware of any.

The appellees also suggest that to construe the easement in the way that we have construed it violates the language of the default judgment as well as the Statute of Frauds. They rely on the cases of *Greer v. Greer*, 144 Tex. 528, 530, 191 S.W.2d 848, 849 (1946) and *McWhorter v. City of Jacksonville*, 694 S.W.2d 182, 184 (Tex.App.—Tyler 1985, no writ). The *Greer* case cited by the appellees is authority for the principle that an instrument conveying real estate is void under the Statute of Frauds unless the real estate's description is so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land

can be identified with reasonable certainty. *See Greer,* 144 Tex. 528, 191 S.W.2d at 849. As we have noted, the conveyance of the easement through the default judgment, taken together with the accompanying property description, which can only be construed as exhibit "A," even though it does not say so on its face, does give a definite and certain description of the property so as not to be void under the Statute of Frauds. We find nothing in the opinion in *McWhorter* that conflicts with our conclusion here. The case of *Vrabel v. Donahoe Creek Watershed Auth.,* 545 S.W.2d 53, 54 (Tex.Civ.App.—Austin 1976, no writ), also cited by the appellees, stands for the same principle as that expressed in *Greer* and is therefore distinguishable on the same basis as *Greer.*

The appellees refer us to expert testimony that they contend demonstrates that the easement is not adequately described. An examination of that testimony shows that it is based upon a presumption that the property description contained in the court records with the default judgment is not the exhibit "A" referred to by the judgment, when, in fact, the only reasonable construction is that it is the exhibit "A" to which the judgment refers.

■ Finally, the appellees assert that there is no connection between the easement specifically described in the special warranty deed from Lincoln to Walchshauser and the easement conveyed to Lincoln by the default judgment that it obtained from the appellees. Whether or not that is true is irrelevant in view of the fact that the easement Lincoln obtained from the appellees through the default judgment is an easement appurtenant that runs with the dominant estate, which is the property Lincoln conveyed to Walchshauser. The deed granted Walchshauser the property "together with all and singular the rights and appurtenances thereto in anywise belonging." Consequently, the appellees' property continues to be charged with the easement servient to the dominant estate now owned by Walchshauser. As we noted in *McDaniel v. Calvert,* 875 S.W.2d 482, 484 (Tex.App.—Fort Worth 1994, no writ), an easement appurtenant is conveyed with the land regardless of whether it is described in any conveyance of that land. We sustain Walchshauser's point of error number one.

■ Walchshauser insists in point of error number three that he is entitled to stipulated attorney's fees if this cause is reversed. The record reflects that although there was a stipulation as to the amount of each party's attorney's fees as of the time of trial, there was no stipulation that such fees would actually be assessed. The award of attorney's fees in a declaratory judgment proceeding is within the broad discretion of the trial court. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). In making its determination as to whether Walchshauser should recover the stipulated attorney's fees, the trial court made its determination based upon the fact that Walchshauser was not the prevailing party in the declaratory judgment. Consequently, we sustain point of error number three and remand this cause for reconsideration of the issue of attorney's fees in view of this court's determination regarding the question of the easement.

Walchshauser urges in point of error number two that the trial court erred by failing to award him a permanent injunction enjoining the appellees from interfering with his rights of ingress and egress. All of the discussion in both Walchshauser's brief and that of the appellees is directed toward the issue of whether Walchshauser had an easement rather than whether the trial court erred in denying him an injunction enforcing his rights in the easement. In view of the fact that the record discloses that the trial court's determination on this issue, as well as the issue of attorney's fees, was made based upon the court's assumption that Walchshauser has no easement, we sustain this point of error and remand this issue to the trial court for reconsideration in view of this court's determination that Walchshauser has a valid easement.

We reverse the trial court's judgment and render judgment to declare: that Carl Walchshauser has an easement for egress and ingress across, over, and through the real property described in exhibit "A" attached to our judgment, including the right to move aircraft across that real property; that Glen Hyde and Hyde–Way, Inc. are not entitled to

any fee with regard to that easement; and that the easement for ingress and egress across the real property described in exhibit "A" is vested in Carl Walchshauser against Glen Hyde and Hyde–Way, Inc. and their heirs, executors, administrators, assigns, representatives, and all others who claim by, through, or under them as fully and effectually as a grant by them could vest title. We remand the issue of whether Carl Walchshauser is entitled to the granting of a permanent injunction, and the award of his attorney's fees, for further proceedings consistent with this opinion.